**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **SENSORY PATH INC.,** | ) |
| **Plaintiff,** | ) **Civil Action No.** _3:19cv219-GHD-RP_ |
| | ) |
| | ) **JURY DEMANDED** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FIT AND FUN PLAYSCAPES LLC** | ) |
| **PAMELA A. GUNTHER,** | ) |
| **Defendants.** | ) |
| | ) |

**COMPLAINT**

COMES NOW, Plaintiff Sensory Path Inc. ("Sensory Path") and files this its Complaint against Defendants Fit and Fun Playscapes LLC and Pamela A. Gunther (collectively "Fit and Fun"), and in support would show this Honorable Court, as follows:

**<u>PARTIES</u>**

1. Sensory Path Inc. is a corporation, organized and existing under the laws of the state of Mississippi with a principal place of business at 198 Woodlawn Drive, Oxford, MS 38655.

2. Upon information and belief, Fit and Fun Playscapes LLC ("Fit and Fun") is a limited liability company, organized and existing under the laws of the state of New York with a principle place of business at 316 Main Street, Nelsonville, NY 10516. Fit and Fun can

be served with process of this Court through its registered agent Pamela A. Gunther, 67 Pearl Street, Nelsonville, New York 10516.

3. Upon information and belief, Pamela A. Gunther is an adult resident citizen of New York. Gunther can be served with process of this Court at 67 Pearl Street, Nelsonville, New York 10516. Gunther is the founder and owner of Fit and Fun.

## JURISDICTION AND VENUE

4. The action arises under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"); (ii) the Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"); (iii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); 18 U.S.C. § 1839 (the "Federal Defend Trade Secret Act"); and (iv) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants continuously and systematically conduct business in the State of Mississippi and within this District, including providing products and services to Mississippi residents and the advertising and sale of its products and services through the Internet to Mississippi residents.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as a substantial part of the events giving rise to the claims at issue and a substantial part of property that is the subject of this action is situated, within the Northern District of Mississippi. Further, venue is proper in this District because Defendants are transacting business in this District.

## FACTUAL BACKGROUND

7. Holly Clay is the creator and founder of the Sensory Path. She has been a public school teacher for twenty-two years and is highly qualified in a number areas, including special education, English, and biology. Ms. Clay has also served as a community consultant for parents of children who are newly diagnosed with Autism and an Autism educational consultant for families and therapists who work with children in after school programming.

8. As a parent of a child with Aspergers Syndrome, Ms. Clay began researching movement and its effect on cognition in children with autism in October of 2006.

9. Ms. Clay began the initial development phase for the Sensory Path in 2007, which included conducting classroom movement trials to identify correlations between specific movements and rate of cognition. Ms. Clay continued to research this area and consulted with other professionals, including Autism research Ph.D. fellows and occupational and physical therapists.

10. Based on her research, Ms. Clay began developing movement paths, which were designed to reduce sensory stimulation by using the child's body movements in a coordination pattern developed to target key areas of the neurological system that the child experiences during the learning process.

11. In May of 2018, Ms. Clay presented an original hand-drawn plan for two movement paths to Keri Jo Finnie, the principal of Bramlett Elementary School ("BES"), for approval to begin installation in June 2018. Ms. Finnie approved the two interior plans along with another plan for an exterior painted path, which Ms. Clay also created and drafted.

12. Ms. Clay began referring to the two movement plans as "Sensory Paths" as they were developed from her research about deescalating sensory seeking behaviors and increasing cognition.

13. In July of 2018, Ms. Clay began installing the "Original Sensory Path" indoor path at BES, which was completed on August 5, 2018, in preparation for the BES open house event.

14. On September 3, 2018, Ms. Clay posted a video of a child using the Sensory Path on her Facebook page, https://www.facebook.com/holly.b.clay/videos/10215315484634319/. Ms. Clay immediately began receiving positive feedback from this video and high amounts of demand for the Sensory Path. This video has since received over 42,000,000 views and been shared nearly 1,000,000 times.

15. On September 7, 2018, the Oxford School District posted another video featuring Ms. Clay's outdoor sensory path, which received 5,600,000 views, https://www.facebook.com/OxfordSD/videos/309195499859670/.

16. On September 11, 2018, Ms. Clay bought the domain thesensorypath.com and began building a website to market her first two designs, the Original Sensory Path and the Blast Off Path, with many more designs in development.

17. On September 17, 2018, the Mississippi Secretary of the State, Delbert Hoseman, sent Ms. Clay a personal letter, acknowledging her work with children with Autism and calling the Sensory Path "inventive and effective."

18. On September 29, 2018, Ms. Clay posted a video of the finished installation of the Blast Off Path, https://www.facebook.com/holly.b.clay/videos/10215518337585516/.

19. Ms. Clay's business became an immediate success, and she began selling and installing sensory paths at schools throughout the United States.

20. Ms. Clay has since expanded her product line to include several additional sensory paths, including Dilly the Dragon, Under the Sea, Infinity Snake, and Going on a Bear Hunt. Ms. Clay sells her sensory paths as packages and individual elements.

21. Prior to September 3, 2018, Fit and Fun was primarily offering outdoor "playground stencils," which could be used with paint to create outdoor game areas such as hopscotch or basketball courts. Fit and Fun was not using the phrase "sensory path" and was not offering indoor "super stickers." See August 15, 2018 Wayback Machine capture of https://fitandfunplayscapes.com/, attached as Exhibit "A."

22. On January 3, 2019, Fit and Fun launched its "new product line, Stick-On Stencils," which it described as including "sensory paths, yoga poses and high-energy activities (like wall push-ups)." January 3, 2019 Fit and Fun website page, attached as Exhibit "B." Shortly thereafter, Fit and Fun began promoting the stickers on their social media stating, "Our For the Fun of Fit blog post presents our new Sensory Path Stickers and the enthusiastic response they received from students, teachers, administrators and parents." See January 10, 2019 Fit and Fun tweet, attached as Exhibit "C."

23. On February 14, 2019, Fit and Fun posted a Youtube video, https://youtu.be/2F0kmKY8gpY, which is also available on their website and has been shared on their social media page with #sensorypath, regarding the removal of their stickers. The video clearly depicts Sensory Path's products, referring to them as "other sticker companies" and mispresenting Sensory Path's product, which is a floor film with

a permanent adhesive for safety reasons, as being a removable sticker that is messy and difficult to remove.

24. Ms. Clay was unaware of Fit and Fun until sometime after they launched their "sensory path stickers." Ms. Clay discovered Fit and Fun using #sensorypath on social media.

25. On July 17, 2019, Fit and Fun filed several trademark applications with the U.S.P.O. for "DAISY HOPSCOTCH," "SUPER STICKERS," and "FIT & FUN PLAYSCAPES," alleging use in connection with "sensory play."

26. On August 12, 2019, Fit and Fun obtained for eleven (11) copyright registrations for its various stencil and sticker designs.

27. Armed with its recent intellectual property registrations, on August 22, 2019, Fit and Fun sent Ms. Clay a cease and desist letter asserting that her sensory paths infringe upon Fit and Fun's purported copyright and trademark rights and demanding that she destroy her products and close her business. See August 22, 2019 cease and desist letter, attached as Exhibit "D."

28. Ms. Clay retained the undersigned counsel began formulating a response to Fit and Fun.

29. On September 25, 2019, Fit and Fun sent Ms. Clay a second cease and desist letter, threatening to "demand that your web hosts remove the infringing material from your website and social media pages" and "take other appropriate legal action, including, but, not limited to an infringement suit in federal district court seeking injunctive relief, compensatory damages, enhanced damages, disgorgement of your profits from infringing activities and an award of attorney fees and costs under the Copyright and Lanham Acts as well as applicable state laws." See September 25, 2019 cease and desist letter, attached as Exhibit "E."

## <u>THE EXISTENCE OF AN ACTUAL CONTROVERSY</u>

30. Fit and Fun has threatened Sensory Path with legal action if Sensory Path fails to cease and desist use of its own intellectual property, which was created and developed by Sensory Path.

31. Sensory Path has a substantial investment in its products. The demands of Fit and Fun, and threats of litigation against Sensory Path by the Fit and Fun, currently subject Sensory Path to a real and reasonable apprehension that the continuing operation of the business will result in litigation by the Fit and Fun against Sensory Path claiming infringement and related liability, which would disrupt Sensory Path's business operations and income. Thus, Sensory Path has initiated this action for purposes of seeking declaratory relief and resolution concerning the Fit and Fun's purported intellectual property rights in the sensory path designs.

## <u>COUNT I: DECLARATORY JUDGMENT</u><br><u>NON-INFRINGEMENT OF COPYRIGHTS</u>

32. Sensory Path realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

33. Sensory Path did not have access and did not view Fit and Fun's stencils at the time of or before Sensory Path independently created its sensory paths and made them publically available.

34. To the extent that Fit and Fun's stencils contain protectable elements, they are not substantially similar or virtually identical to Sensory Path's designs.

35. Sensory Path is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any purported copyright owned by Fit and Fun.

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT

36. Sensory Path realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

37. Sensory Path is the owner of valid and enforceable trademark rights in the SENSORY PATH Mark for use in connection with movement paths designed for children.

38. Sensory Path has used the SENSORY PATH Mark in commerce continuously since at least September 3, 2018, and consumers have come to associate the SENSORY PATH Mark with goods and services provided by Sensory Path. As a result of this association, Sensory Path has engendered significant goodwill.

39. Fit and Fun has used marks in commerce that are confusingly similar or identical to SENSORY PATH Mark, to identify and describe its own goods and services that are similar or identical to Sensory Path's goods and services.

40. Fit and Fun's use of the SENSORY PATH Mark is causing actual consumer confusion as to the source of the goods and services being provided by Fit and Fun and, therefore, constitutes trademark infringement.

41. On information and belief, Fit and Fun's actions have been willful and deliberate.

42. Fit and Fun's actions have harmed Sensory Path's valuable intellectual property rights, have damaged Sensory Path's goodwill, and have caused Sensory Path to suffer damages that are not calculable in monetary terms.

43. If Fit and Fun is not preliminarily and permanently enjoined by this Court, Fit and Fun will continue its acts of trademark infringement set forth above, thereby deceiving the public, trading on Sensory Path's goodwill and causing Sensory Path immediate and

irreparable harm, damage, and injury. Sensory Path has no adequate remedy at law for the aforementioned irreparable harm.

## COUNT III: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

44. Sensory Path realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

45. Fit and Fun has deliberately and willfully attempted to trade on the hard-earned goodwill in Sensory Path's name, Mark, and the reputation established by Sensory Path in connection with its services, as well as to confuse consumers as to the origin and sponsorship of Fit and Fun's products.

46. Fit and Fun's conduct has deprived and continues to deprive Sensory Path of the ability to control the consumer perception of its services, placing the valuable reputation and goodwill of Sensory Path in the hands of Fit and Fun.

47. Fit and Fun's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Fit and Fun with Sensory Path, and as to the origin, sponsorship, or approval of Fit and Fun and its products, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

48. Fit and Fun had direct and full knowledge of Sensory Path's prior use of and rights in its Mark before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

49. As a result of Fit and Fun's conduct, Sensory Path has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Sensory Path in its Mark. This continuing loss of goodwill cannot be properly calculated and thus

constitutes irreparable harm and an injury for which Sensory Path has no adequate remedy at law. Sensory Path will continue to suffer irreparable harm unless this Court enjoins Fit and Fun's conduct.

## COUNT IV: STATUTORY UNFAIR COMPETITION
## MISS. CODE ANN. §§ 75-25-1, ET SEQ

50. Sensory Path realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

51. By reason of the foregoing acts, Fit and Fun is intentionally passing off its goods or services as those of Sensory Path, misrepresenting the source, sponsorship or approval of its goods or services, misrepresented its affiliation, connection or association with Sensory Path, representing that its goods and services have sponsorship or approval that they do not in fact have, and representing that Fit and Fun has a sponsorship, approval, status, affiliation or connection with Sensory Path that Fit and Fun does not have in violation of Miss. Code Ann. § 75-24-5(2).

52. Fit and Fun's actions infringe Sensory Path's rights in its SENSORY PATH Mark, misappropriate Sensory Path's goodwill in the Mark, and constitute unfair competition under Mississippi common law.

53. As a result of Fit and Fun's conduct, Sensory Path has suffered commercial damage and diversion of trade, as well as the continuing loss of the goodwill and reputation established by Sensory Path in its Mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Sensory Path has no adequate remedy at law. Sensory Path will continue to suffer irreparable harm unless this Court enjoins Fit and Fun's conduct.

## COUNT V: COMMON LAW UNFAIR COMPETITION

54. Sensory Path realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

55. By reason of the foregoing acts, Fit and Fun has unfairly competed with Sensory Path in violation of the common law of the State of Mississippi.

56. Fit and Fun's willful acts of unfair competition under Mississippi common law constitute malice and were done with the dominant purpose of injuring Sensory Path.

57. As a result of Fit and Fun's conduct, Sensory Path has suffered commercial damage and diversion of trade, as well as the continuing loss of the goodwill and reputation established by Sensory Path in its Mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Sensory Path has no adequate remedy at law. Sensory Path will continue to suffer irreparable harm unless this Court enjoins Fit and Fun's conduct.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial as to issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Enter a declaratory judgment that the past, present, and continued use by Plaintiff of their sensory paths does not infringe upon any purported copyrights of the Defendant, or otherwise constitute a violation of any of Defendants' intellectual property rights;

B. Enter a declaratory judgment that Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting in concert with

them, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiff, any of their affiliates, or anyone in privity with it with respect to the Plaintiff's sensory paths;

C. Find that Defendants have willfully engaged in unfair competition in violation of 15 USC § 1125(a);

D. Preliminarily and permanently enjoin Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting in concert with them, from copying, reproducing, distributing, advertising, promoting, or displaying the SENSORY PATH Mark;

E. Order Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting in concert with them, to destroy all materials or articles infringing the SENSORY PATH Mark;

F. Award Plaintiff the damages it has suffered, including but not limited to, lost sales and monetary damages incurred as a result of Defendants' infringement of the SENSORY PATH Mark, in addition to Defendant's profits pursuant to 15 U.S.C. § 1117(a);

G. Award treble damages pursuant to 15 U.S.C. § 1117(a);

H. Award Plaintiff all of the costs and expenses incurred in this action;

I. Award Plaintiff its reasonable attorney's fees under any federal and/or state law to which it is entitled to compensation for reasonable attorney's fees, including but not limited to 15 U.S.C. § 1117(a), Fed. R. Civ. P. 11, 28 U.S.C. § 1927, 17 U.S.C. § 505, and the Court's inherent power and authority;

A. Award any other further relief to which Plaintiff may be entitled as a matter of law or

equity or which the Court determines to be just and proper.

Respectfully submitted, this 26th day of September, 2019.

/s/ Stephan L. McDavid
Stephan L. McDavid, MSB No. 8380
MCDAVID & ASSOCIATES, PC
1109 Van Buren Avenue
Post Office Box 1113
Oxford, Mississippi 38655
Telephone: (662) 281-8300
Facsimile: (662) 281-8353
smcdavid@mcdavidlaw.com
Attorney for Plaintiff

.