IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

SENSORY PATH INC.,                                                          Plaintiff

v.                                                        CIVIL NO. 3:19-CV-219-GHD-RP

FIT AND FUN PLAYSCAPES LLC
PAMELA A. GUNTHER,                                                        Defendants

<u>OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
OR, ALTERNATIVELY, TO TRANSFER VENUE</u>

This matter arises from a complaint by the Plaintiff in which it seeks a declaratory judgment

of copyright non-infringement and asserts claims against the Defendants for common law

trademark infringement; unfair competition and false designation of origin under 15 U.S.C. §

1125(a); statutory unfair competition under Miss. Code Ann. §§ 75-25-1, et seq; and common law

unfair competition [1]. Presently before the Court is the Defendants' motion to dismiss Plaintiff's

complaint for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and

12(b)(3) or, in the alternative, to transfer venue to the Southern District of New York under 28

U.S.C. §§ 1406 or 1404(a) [10]. The Plaintiff responded in opposition to the Defendants' motion

to dismiss [19], and the Defendants replied to the Plaintiff's response [28]. After a period of

limited jurisdictional discovery, the Plaintiff filed its supplemental response in opposition to the

Defendants' motion to dismiss [65], and the Defendants filed their reply to the Plaintiff's

supplemental response [72]. The Defendants' motion is now ready for review.

For the reasons presented herein, Defendants' motion to dismiss Plaintiff's complaint for

lack of personal jurisdiction and improper venue [10] is GRANTED IN PART and DENIED IN

PART.

## I.    **Factual Background**

The Plaintiff, Sensory Path Inc., is a corporation organized and existing under the laws of the state of Mississippi, and has its principal place of business at 198 Woodlawn Drive, Oxford, MS 38655 [1, ¶ 1]. Ms. Holly Clay is the founder of Sensory Path Inc. [1, ¶ 7]. Ms. Clay has been a public school teacher for twenty-two years, and has particularized expertise with special education and the education of children with autism [1, ¶¶ 1-2]. In 2007, Ms. Clay began developing her "Sensory Path," which was designed "to reduce sensory stimulation by using the child's body movements in a coordination pattern developed to target key areas of the neurological system that the child experiences during the learning process" [1, ¶¶ 9-10]. On September 3, 2018, Ms. Clay posted on her Facebook page a video of a child using her Sensory Path product [1, ¶ 14]. In the parlance of the Internet, Ms. Clay's video went "viral," having been viewed over 42,000,000 times and shared nearly 1,000,000 times [*Id.*]. Another similar video from Ms. Clay received 5,600,000 views [1, ¶ 15]. On September 11, 2018, Ms. Clay purchased the domain thesensorypath.com, and began building a website through which she could market her first two products, the Original Sensory Path and the Blast Off Path [1, ¶ 16]. Through her Sensory Path Inc. business, Ms. Clay began selling her Sensory Path products throughout the United States and expanded her product line [1, ¶¶ 19-20]. The business sells individual elements of her Sensory Path products as well as the entire products [1, ¶ 20].

Defendant Fit and Fun Playscapes LLC (herein "Fit and Fun") is a limited liability company organized and existing under the laws of the state of New York, effective May 3, 2011, with an address of 316 Main Street, Nelsonville, NY 10516 [10-1, ¶ 3]. Defendant Pamela A. Gunther is the founder and president of Fit and Fun, and resides at 67 Pearl Street, Nelsonville,

NY 10516 [10-1, ¶¶ 2-3]. Fit and Fun "designs and sells reusable stencils, paint kits, indoor adhesive stickers and roll-out games" [10-1, ¶ 4].

The term "Sensory Path" appears on Fit and Fun's website and social media pages [10-1, ¶ 8]. Prior to this lawsuit and for some time after the Plaintiff filed its complaint, Mississippi residents could access Fit and Fun's website and social media pages [10-1, ¶ 10; 19-1, ¶ 17]. Through this website, prospective customers could view products, add them to their digital shopping carts on the website, enter their shipping and payment information, and conclude a purchase through the website [19-1, ¶ 17]. In an apparent effort to cater to its prospective and current customers, Fit and Fun also provided information on its website about grants through which clients could purchase Fit and Fun's products [19-1, ¶ 18 and Ex. 9]. One of these grants explicitly targeted entities in Tennessee, Arkansas, and Mississippi [Id.].

Fit and Fun sent mass email blasts to entities across the country, including to consumers in Mississippi [10-1, ¶ 12]. Fit and Fun possessed approximately 1,118 Mississippi email addresses between June 1, 2018, and September 26, 2019 [65-6, at 9]. Fit and Fun obtained these email addresses from purchased lists, contacts made from trade shows outside of Mississippi, and people who signed up on the Fit and Fun website [65-6, at 9-10]. On October 10, 2019, "Fit and Fun instituted measures to delete its email contacts for individuals or entities from Mississippi," and was therefore unable to provide a report showing the number of Mississippi contacts who "received (rather than blocked as spam filters or otherwise deleted without opening) mass emails" [65-6, at 10]. Fit and Fun also engaged in advertising through the search engine Google in which the ads used the term "Sensory Path"; this advertising was visible to Mississippi users as well [19-1, ¶ 19]. Fit and Fun has made four direct sales to customers in Mississippi for a total of $5,390.92

[10-1, ¶ 6], with an additional indirect sale to a Mississippi customer through an independent distributor [30, at 6].

On August 22, 2019, Fit and Fun, through its legal representatives, sent a cease-and-desist letter to Sensory Path Inc., in which it alleged that Sensory Path Inc. was violating unfair competition laws and infringing on Fit and Fun's copyrights and/or trade dress [1-4]. Fit and Fun sent a second cease-and-desist letter to Sensory Path Inc. on September 25, 2019 [1-5]. In response to these letters, Sensory Path Inc. brought its complaint seeking a declaratory judgment of copyright non-infringement, as well as alleging claims against Fit and Fun and Ms. Gunther for trademark infringement and unfair competition [1, ¶¶ 28-57]. The Defendants have now filed the pending motion to dismiss Sensory Path Inc's complaint for lack of personal jurisdiction and improper venue [10].

## II.    Legal Standard

"[T]he party who seeks to invoke the jurisdiction of the federal court bears the burden of establishing the district court's jurisdiction over the non-resident." *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985). However, a plaintiff only needs to establish jurisdiction through a *prima facie* showing, rather than a preponderance of the evidence. *See Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). To determine whether a *prima facie* case exists for the application of the court's jurisdiction, the court may consider the contents of the record at the time of the motion. *See Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Quick Technologies, Inc. v. Sage Group*, PLC, 313 F.3d 338, 343 (5th Cir. 2002)). Moreover, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be

4

resolved in the plaintiff's favor." *Gatte v. Dohm*, 574 Fed. App'x. 327, 330 (5th Cir. 2014) (quoting *D.J. Investments*, 754 F.2d at 546).

In the absence of a controlling federal statute related to service of process, the Court must "determine whether the long-arm statue of the forum state permits exercise of jurisdiction" and "then determine whether such exercise comports with due process." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (citing Fed. R. Civ. P. 4(e–f) and *Aviles v. Kunkle*, 978 F.2d 201 (5th Cir. 1992)). As the Lanham Act does not allow for national service of process, *see , e.g. Frosty Bites, Inc. v. Dippin' Dots, Inc.*, 2002 WL 1359704, at *2 n. 4 (N.D. Tex. June 20, 2002), the Court turns to the state's long-arm statute, which can be used by a federal court "to reach those parties whom a court of the state could also reach under it." *Burstein v. State Bar of Cal.*, 693 F.2d 511, 514 (5th Cir. 1982).

### A. Mississippi's Long-arm Statute

Mississippi's long-arm statute states that a court can exercise personal jurisdiction over a non-resident who: (1) makes a contract with a resident to be performed in whole or in part by any party in Mississippi; (2) commits a tort in whole or in part in Mississippi against a resident or non-resident; or (3) does any business or performs "any character of work or service in this state." Miss. Code Ann. § 13-3-57 (1991). The Court of Appeals for the Fifth Circuit has emphasized the phrase "any character of work," and indicated that this phrase provides a "broad scope." *See ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Estate of Jones v. Phillips*, 992 So.2d 1131, 1139 (Miss. 2008)).

The Supreme Court of Mississippi has held that a non-resident defendant can be considered to be "doing business" in the state if "he did various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *McDaniel v. Ritter*, 556 So. 2d 303, 309

(Miss. 1989) (citing Restatement (Second) of Conflict of Laws § 35, Comment a (1971)). Moreover, "under the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997), cert. denied, 522 U.S. 1048 (1998).

## B. Due Process

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a non-resident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "To comport with due process, the defendant's conduct in connection with the forum state must be such that he 'should reasonably anticipate being haled into court' in the forum state." *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). This can equate to principles of general personal jurisdiction that apply to entities that maintain "continuous and systematic" contacts with the forum state, such as having a place of business in the state or a license to do business in the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). In contrast, specific personal jurisdiction applies when the litigation "is related to or 'arises out of'" the activities of the defendant and their contacts with the forum state. *Id.* at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). A single, substantial act that is directed toward a forum state can support specific personal jurisdiction in that state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479–80 (1985) *and Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir.1990)).

6

With respect to Internet commerce and personal jurisdiction, the Fifth Circuit has accepted the approach discussed by the U.S. Supreme Court in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc. See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). That decision established a three-part spectrum used to categorize a defendant's use of the Internet when evaluating jurisdictional issues. *Id.* "At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet....' *Id.* (citing *Zippo*, 952 F.Supp. at 1124). Personal jurisdiction is proper in such a situation. *See id.* "At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate." *Id.*

However, between these ends of the spectrum, there are situations which are not so clear-cut. *Id.* "In this middle ground, 'the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website.'" *Id.* (quoting *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328 (E.D. Mo. 1996)). A prominent factor to consider when evaluating the commercial and interactive nature of a website is whether a defendant's website "allow[s] consumers to order or purchase products and services on-line." *Id.* at 337.

### C. Venue

There are three venue options in which a civil action may be brought:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

7

       (3) if there is no district in which an action may otherwise be brought as
       provided in this section, any judicial district in which any defendant is
       subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b).

### III.    Analysis

### A. Declaratory Judgment of Copyright Non-infringement

The Fifth Circuit has held that in suits involving requests for declaratory judgments of copyright non-infringement, courts should consider whether a plaintiff infringes a defendant's copyrights, not whether a defendant uses their own copyrights in a specific forum. *See Ham,* 4 F.3d at 416. Similarly, in these cases, a cease-and-desist letter cannot establish personal jurisdiction on its own. *Id.* "Because it would offend notions of fair play and substantial justice to exercise specific personal jurisdiction on the basis of the cease-and-desist letters that [a] defendant sent, the 'effects' test for minimum contacts is inapplicable to this case, and the sending of the letters do not serve as a basis for specific personal jurisdiction. Accordingly, the Court must examine whether [the] defendant engaged in other activities directed at the forum and related to the cause of action." *DNH, L.L.C v. In-N-Out Burgers*, 381 F.Supp.2d 559, 564 (E.D. La. 2005); *see also Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("As this court has stated before, cease-and-desist letters alone do not suffice to justify personal jurisdiction. Specifically, such letters cannot satisfy the second prong of the Due Process inquiry. Standards of fairness demand that [a defendant] be insulated from personal jurisdiction in a distant foreign forum when its only contacts with that forum were efforts to give proper notice of its patent rights"). In the context of lawsuits requesting declaratory judgment of non-infringement, the defendant's enforcement activity and the measures undertaken to defend their intellectual property are the metrics used to answer jurisdictional questions. *See Avocent*

8

*Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008); *see also Texas v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) (noting that the Federal Circuit has provided guidance and "a wealth of precedent in the intellectual property field" to the Fifth Circuit).

The Plaintiff has not alleged that the Defendants has engaged in any copyright enforcement activities other than the two cease-and-desist letters [1-4, 1-5], or any other activities related to the declaratory judgment of copyright non-infringement. As such, the Court lacks personal jurisdiction over the Defendants on this cause of action. Therefore, Count I shall be dismissed without prejudice from this case.

### B. Trademark Infringement and Unfair Competition

The Plaintiff has demonstrated a *prima facie* case establishing this Court's jurisdiction over Defendant Fit and Fun regarding the Plaintiff's claims in Counts II-V. Mississippi's long-arm statute reaches the Defendant because it is undisputed that the Defendant has done business in Mississippi, has made at least 4 sales totaling $5,390.92 to residents of the state [11, at 3] and has sent marketing emails to at least 1,118 Mississippi residents approximately two to four times a month [66, at 2]. The Plaintiff has also alleged that one of the Defendant's sales to a Mississippi resident "was made in direct response to one of these mass emails," and that said mass email used the trademarked term "Sensory Path," leading to confusion in the marketplace [*Id.*]. The customer behind that specific sale also allegedly visited the Defendant's website and "viewed the products they were offering using the term 'Sensory Path'" before making her purchase [*Id.* at 4].

It is also undisputed that the Defendant targeted prospective customers in Mississippi, along with those in Arkansas and Tennessee, by advertising on its website about a Nike-sponsored grant through which these prospective customers could purchase the Defendant's products [19-1, at 41; 28, at 15]. Additionally, it is clear from the record that the Defendant uses an interactive

website that allows users to select items, apply coupons, input shipping and payment information, and make purchases directly through the website's online store and "shopping cart" functionality [19-1, at 34]. The Defendant's website also features a live-chat function through which customers can chat with the Defendant's representatives, along with an email-gathering/customer-account creation mechanism [20, at 5, 14]. It is clear that the website goes far beyond a merely "passive website that does nothing more than advertise on the Internet." *Zippo*, 952 F.Supp. at 1124. The record also plainly demonstrates that the Defendant used the trademarked term "Sensory Path" on their website [1-2], social media accounts [1-3], and in their emails [65-7]. Since the Plaintiff's trademark infringement and unfair competition causes of action arise out of or relate to Defendant Fit and Fun's activities in and contacts to Mississippi, jurisdiction is proper in this district.

### C. Jurisdiction Over Ms. Gunther

Defendant Pamela Gunther is the founder, sole owner, managing member, and day-to-day operations manager of Defendant Fit and Fun, as well as its president [65-2, at 3; 10-1, at ¶ 3]. Defendant Gunther also admitted to taking an active role in deciding whether to use the term "Sensory Path" in connection to her business and its products [27-1, at ¶ 4]. Following the Plaintiff's marketing successes and media attention in September 2018 [1, at 4-5, ¶¶ 14-19], Defendant Gunther sent an email on September 17, 2018, [65-1, at 2] to Defendant Fit and Fun's marketing director Ms. Angela Speziale [19-1, at 4, ¶ 9]. In her email, Defendant Gunther included a link to a news article discussing the Plaintiff and the fact that one of the Plaintiff's videos about their products had been viewed over 32 million times [65-1, at 2]. Defendant Gunther suggested in her email that Defendant Fit and Fun begin pitching its products as "sensory paths" [*Id.*].

"In this diversity case, we are *Erie*-bound to follow the substantive law of Mississippi. Although the Mississippi courts have not spoken in depth on the subject, Mississippi follows the

general rule that when a corporate officer directly participates in or authorizes the commission of a tort, even on the behalf of the corporation, he may be held personally liable." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 173 (5th Cir. 1985). The Plaintiff has provided a sufficient amount of facts to support its argument that Defendant Gunther participated in the torts of trademark infringement and unfair competition, and we are bound to resolve factual disputes in favor of the Plaintiff. *See Gatte*, 574 Fed. App'x. at 330.

As the president of Defendant Fit and Fun and the apparent decision-maker at the company, Ms. Gunther took part in actions that allegedly comprised trademark infringement by suggesting and using the term "Sensory Path" in marketing emails and on the company's website [*Id.*]. Ms. Gunther's solely-owned company aimed those marketing efforts at Mississippi through email blasts to approximately 1,118 residents of the state [65-6, at 9] and sold products to residents of Mississippi [10-1, ¶ 6] that allegedly traded on the goodwill of the Plaintiff's trademark [66; 65-7]. These deliberate actions both relate to the Plaintiff's trademark infringement and unfair competition causes of action and to the forum state of Mississippi. Since Ms. Gunther is a "primary participant[] in an alleged wrongdoing intentionally directed" at this state, jurisdiction is proper regardless of her employment status as the president of Defendant Fit and Fun. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (noting that petitioners' "status as employees does not somehow insulate them from jurisdiction").

### D. Venue

The venue statute dictates that venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b)(2). As the allegedly infringing marketing of the Defendants' products and sales of those products occurred in this district, the Court finds that venue is appropriate here.

11

## IV.    Conclusion

The Plaintiff has failed to provide facts to support a finding of proper jurisdiction over the Defendants with regard to the Plaintiff's request for a declaratory judgment of copyright non-infringement. Specifically, the Plaintiff has failed to demonstrate that there is a nexus between the cause of action, the Plaintiff's activities, and the forum state. There are no activities documented in the record that were undertaken by the Defendants in Mississippi that related to the declaratory judgment of copyright non-infringement cause of action, aside from two cease-and-desist letters, which are insufficient on their own to support jurisdictional control over the Defendants.

However, the Plaintiff has provided a *prima facie* case to support proper jurisdiction with regard to the trademark infringement and unfair competition claims. Through their website, emails, and social media presence, the Defendants reached out to the residents of Mississippi. They made sales in this state, and they allegedly engaged in tortious activity in this state. They should have "reasonably anticipated being haled into court," and they now face this outcome. *See World–Wide Volkswagen Corp.*, 444 U.S. at 297.

An order in accordance with this opinion shall issue this day.

SO ORDERED, this the 3rd day of September, 2020.

_____
SENIOR U.S. DISTRICT JUDGE