**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SENSORY PATH INC.**                                              **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 3:19CV219-GHD-RP**
                                                                **LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.**                          **DEFENDANTS**

CONSOLIDATED WITH

**FIT AND FUN PLAYSCAPES LLC, et al.**                          **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO.: 3:22CV32-MPM-RP**

**SENSORY PATH INC.**                                            **DEFENDANT**

<u>**ORDER DENYING MOTION TO COMPEL**</u>

This matter is before the court on Defendant Fit and Fun's Motion to Compel seeking to

compel the production of documents responsive to a certain written request for production served

on Sensory Path Inc. and Holly Clay (collectively "Sensory Path"). ECF #142. Sensory Path

opposes the motion. As discussed below, the court finds the motion should be denied without

prejudice.

Among the claims brought by the parties against one another in this consolidated action is

a common law trademark infringement claim by Sensory Path against Fit and Fun Playscapes

LLC and Pamela A. Gunther (collectively "Fit and Fun"). Sensory Path alleges that Fit and Fun

has infringed on Sensory Path's rights in a protectable trademark for use in connection with

movement paths designed for children. During discovery, Fit and Fun served on Sensory Path

the following request for production:

> **REQUEST NO. 19:** All documents and things relating to any consumer survey
> or poll performed by or on behalf of SPI [Sensory Path] or Holly Clay relating to
> the Asserted Mark.

In response, Sensory Path stated a number of objections, including an objection to the request "to the extent that it purports to seek information and/or documents protected from disclosure by the attorney-client privilege, common interest privilege, workproduct [sic] doctrine and/or any other privilege or immunity." Sensory Path stated further that subject to its objections, responsive documents would be produced to the extent required by Federal Rule of Civil Procedure 26 and in accordance with the court's scheduling deadlines. Sensory Path provided no privilege log of withheld documents. To the contrary, in response to an email from Fit and Fun's counsel inquiring about a privilege log, Sensory Path's counsel stated that nothing was withheld. In the present motion, Fit and Fun claims to have ascertained that Sensory Path in fact commissioned one or more surveys that would be responsive to Fit and Fun's document request and which Sensory Path has not identified or produced in discovery. Fit and Fun argues that the results of such surveys are discoverable and that by failing to provide a privilege log, Sensory Path has waived any claim of protection as to such surveys and should be compelled to produce them.

In response to Fit and Fun's motion, Sensory Path now confirms that it has withheld at least one consumer survey conducted by a consulting expert "to help test potential claims and defenses in this matter." As best the court can determine from the briefing, the withheld survey was conducted to test whether Sensory Path's claimed trademark has acquired "secondary meaning" so as to be entitled to protection. According to Sensory Path, the survey's results were not provided to or considered by Sensory Path's retained expert witness in forming his opinions, and the consulting expert who conducted the survey was employed only for trial preparation and will not be called as a witness at trial. As such, Sensory Path contends, the

–2–

survey is protected from disclosure by Rule 26(b)(4)(D), which protects from disclosure facts

known by such a consulting expert except on a showing of exceptional circumstances under

which it is impracticable for the opposing party to obtain facts or opinions on the same subject

by other means.   Sensory Path contends no such circumstances exist in this instance because Fit

and Fun is free to obtain its own consumer surveys related to Sensory Path's claimed trademark.

Based on the information before it, the court tends to agree, but there is the matter of Sensory

Path's failure to log the withheld survey on a privilege log.

Under Rule 26(b)(5), when a party withholds information otherwise discoverable by

claiming it is subject to protection as trial preparation material, the party must expressly make

the claim and describe the nature of the withheld material in a manner that, without revealing

information itself protected, will enable other parties to assess the claim.   This court's local rule

is more explicit, stating that a party withholding materials claimed privileged or otherwise

protected must provide a privilege log containing certain specified information about the

withheld materials, and the rule provides that withholding materials without providing such

information "may be viewed as a waiver of the privilege or protection."   L.U.CIV.R. 26(e).

Citing cases primarily from outside the Fifth Circuit, Sensory Path argues that no

privilege log is required for non-testifying expert information withheld under Rule 26(b)(4)(D).

However, those cases note that while a party withholding information under Rule 26(b)(4)(D)

must assert the claim of protection and must describe the nature of the withheld information to

enable the party seeking discovery to assess the claim, there is no express requirement of a

"privilege log."   *See Strobl v. Werner Enterprises, Inc.,* No. 4:20-cv-00382-SMR-SHL, --

F.Supp.3d --, 2022 WL 186686, at *4 (S.D. Iowa Jan. 3, 2022) ("Rule 26(b)(4)(D) does not

require a privilege log, only information that 'describes the nature of the [materials] not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" (quoting *Genesco, Inc. v. Visa U.S.A., Inc.,* 302 F.R.D. 168,191 (M.D. Tenn. 2014) (quoting FED. R. CIV. P. 26(b)(5))); *Ludwig v. Pilkington North America, Inc.,* No. 03 C 1086, 2003 WL 22242224, at *3 (N.D. Ill. Sept. 29, 2003) (noting "no express requirement that privilege log be produced"). Nothing in the cases cited by Sensory Path endorses a false denial of the existence of materials withheld under Rule 26(b)(4)(D).

In this district, of course, the local rule contains an express requirement of a privilege log for information withheld under a claim of protection. L.U.CIV.R. 26(e). The one case from this district that is cited by Sensory Path concerns the protection of attorney work product, not the protection of non-testifying expert information, and further, the court expressly declined to rule on whether the defendants had a duty to produce a privilege log under the local rule. *Dawson v. Jantran, Inc.,* No. 2:09-CV-60-P-A, 2010 WL 1956892, at *1 (N.D. Miss. May 13, 2010). The cases cited by Sensory Path are unavailing, and Sensory Path should have provided a privilege log of withheld materials responsive to Fit and Fun's request.

Whether to find a waiver of asserted privileges or protections for failing to timely produce a privilege log is within the court's discretion. *Blackard v. Hercules, Inc.,* No. 2:12-cv-175-KS-MTP, 2014 WL 2515197, at *4 (S.D. Miss. June 4, 2014). The court will decline to make such a broad finding in this instance. "Waiver is a harsh sanction that a court should impose only in cases of 'unjustified delay, inexcusable conduct, bad faith or other flagrant violations' and after considering 'the circumstances surrounding the objections.'" *Janvey v.*

*Alquire,* No. 3:09-CV-724-N-BQ, 2018 WL 11362638, at *6 (N.D. Tex. Oct. 17, 2018) (quoting

*Felham Enterprises (Cayman) Limited v. Certain Underwriters at Lloyd's,* No. Civ.A. 02-3588

C/W 0, 2004 WL 2360159, at *2 (E.D. La. Oct. 18, 2004)).    Although troubled by Sensory

Path's misrepresentation to Fit and Fun that no materials were withheld, the court also notes that

Sensory Path's argument that it was not required to identify the withheld survey in a privilege

log – although unpersuasive -- is not frivolous.    Rather than finding a waiver of Sensory Path's

asserted protection altogether, the court finds that the more appropriate remedy is to compel

Sensory Path to produce a proper privilege log containing all the information required by the

local rule.    The court finds that Sensory Path's objection to doing at least that has been waived.

Further, it is unclear from the briefing whether Sensory Path has withheld materials

related to additional consumer surveys responsive to Fit and Fun's document request,

specifically surveys that may have been conducted by Sensory Path's attorney, who conducted at

least one consumer survey upon which Sensory Path's retained expert witness relied and which

has been disclosed to Fit and Fun.    Sensory Path's privilege log must contain the required

information regarding *all* surveys responsive to Fit and Fun's request and withheld by Sensory

Path under a claim of privilege or protection, including any conducted by Sensory Path's

attorney.    Only then will Fit and Fun and, if necessary, the court be able to assess the claim.

Fit and Fun is reminded of counsel's obligation, before filing a discovery motion related

to the withheld survey(s) after receiving Sensory Path's privilege log, to request a teleconference

with the undersigned magistrate judge to discuss the issue.    As guidance in the event such a

dispute arises, the court states that it is very unlikely to compel the production of materials

related to surveys conducted in anticipation of litigation or in preparation for trial by Sensory

Path's attorney or by a non-testifying consultant, unless those materials were provided to or relied upon by Sensory Path's retained expert witness. It is difficult to imagine a scenario in which such materials would not be protected from disclosure by Rule 26(b)(3)(A) and/or (4)(D), as there would seem to be no compelling reason that Fit and Fun cannot conduct or commission its own consumer surveys regarding Sensory Path's claimed trademark, if indeed Fit and Fun has not already done so.

For these reasons, Defendant Fit and Fun's Motion to Compel [ECF #142] is DENIED without prejudice. Sensory Path's Motion for Leave to File Sur-reply to Defendant's Motion to Compel [ECF #150] is DENIED as moot. Within seven days after the date of this order, Sensory Path must provide Fit and Fun with a privilege log of all materials responsive to Fit and Fun's Request for Production No. 19 and withheld under a claim of privilege or protection.

SO ORDERED, this, the 24th day of March, 2022.

 /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE