IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SENSORY PATH INC.**                                                                                                          **PLAINTIFF**

**VS.**         **CIVIL ACTION NO.: 3:19CV219-GHD-RP**
**LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.**                     **DEFENDANTS**

CONSOLIDATED WITH

**FIT AND FUN PLAYSCAPES LLC, et al.**                     **PLAINTIFFS**

**VS.**         **CIVIL ACTION NO.: 3:22CV32-MPM-RP**

**SENSORY PATH INC., et al.**                     **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO SEAL CERTAIN DOCUMENTS**

COMES NOW, Plaintiff Sensory Path, Inc. (hereinafter "Sensory Path"), by and through the undersigned counsel, in the above styled cause and files this its Memorandum in Support of its Motion to Seal Certain Documents entered in connection with James T. Berger. In support thereto, Plaintiff would show as follows pursuant to L.U.Civ.R. 79(e)(3)(A)-(F):

### I.   ARGUMENT

**A. Legal Standard.**

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 requires that a motion to seal "must be accompanied by a non-confidential supporting memorandum" which includes (1) "[a] non-confidential description of what is to be sealed;" (2) "[a] specific request that the document ...

1

[b]e sealed from any access by the public and the litigants' counsel," "[b]e sealed from public access only," or "[b]e sealed only from public access in CM/ECF;" (3) "[a] statement of why sealing is necessary, why the specific character of sealing [requested] is most appropriate, and why another procedure will not suffice;" (4) "[r]eferences to governing case law;" and (5) "[u]nless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." L.U. Civ. R. 79(e)(3).

While courts have recognized that the public generally has a right to access judicial records, "the right to inspect and copy judicial records is not absolute [and] every court has supervisory power over its own records and files." *Seals v. Herzing Incorporated-New Orleans*, No. 12-30085, 2012 WL 2505546, at *3 (5th Cir. June 29, 2012), *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (5th Cir.1978)). In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common–law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993).

**B. Description Of What Is To Be Sealed.**

As the Court is aware, Sensory Path's prior expert witness, James T. Berger, has been the subject of recent filings before the Court. On March 7, 2022, Sensory Path filed its Motion to Amend Case Management Order and Extend Deadlines ("Motion to Extend") in which Sensory Path sought an extension of the expert witness deadlines in order to designate an alternative trademark survey expert based on Mr. Berger's apparent health issues which emerged during his deposition. (Doc. 146). Fit and Fun Playscapes LLC ("Fit and Fun") opposed this motion. (Doc. 159). In its Reply in Support of its Motion to Extend (Doc. 161), Sensory Path attached Mr.

Berger's deposition transcript and provided the Court with numerous examples of the issues in question. On April 19, 2022, the Court entered an order granting Sensory Path's Motion to Extend. (Doc. 163). Per the request of Mr. Berger, Sensory Path now moves the Court to seal Documents 146, 159, 161, and 163 and their accompanying exhibits (collective the "Berger Filings") addressing Mr. Berger's health issues.

### C. Documents Should Be Sealed From Public Access Only.

Sensory Path submits that these filings should be sealed from public access only, with ECF access permitted to the litigants' counsel. The litigants' counsel have clearly already reviewed and have the relevant documents within their possession.

### D. Statement Of Why Sealing Is Necessary and Governing Authority.

To determine whether to disclose or seal a judicial record, the Court must balance the public's common-law right of access against interests favoring nondisclosure. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "With respect to dispositive matters, the parties seeking nondisclosure must provide sufficiently compelling reasons to override the presumption of public access to court." *360 Mortg. Grp., LLC v. Bivona-Truman*, No. 1:14-CV-847-SS, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016). Conversely, "[b]ecause the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause." *Equal Emp. Opportunity Comm'n v. Faurecia Auto. Seating, LLC*, No. 416CV00199DMBJMV, 2017 WL 564051, at *1 (N.D. Miss. Feb. 10, 2017), *quoting Mortg. Grp., LLC v. Bivona–Truman*, No. 1:14–cv–847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016).

"The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure." *Williams v. Luminator Holdings, LP*, No. 3:12-CV-2975-M,

2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012), *citing Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F.Supp.2d 1005 (D.Haw.2010), on reconsideration in part (Feb. 7, 2011) (finding that protecting medical privacy satisfied the "compelling" reason standard governing motions to seal in the Ninth Circuit); *Lombardi v. TriWest Healthcare Alliance Corp.*, CV 08–02381, 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009) (same); *USA v. Pella*, No. 2:06–mj06RJJ, 2012 WL 5287898, at *1 (D.Nev. Oct. 24, 2012) (same); see also, *Lima v. Wagner*, No. 3:16-CV-00074, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) "The public has no need for access to documents that describe Lima's mental health condition and he possesses a strong privacy interest in keeping the details of his mental health condition confidential.").

Sealing of the Berger Filings is necessary to protect against the public disclosure of Mr. Berger's sensitive personal and medical information. All of the documents in question contain references to Mr. Berger's recent "significant illness," home health caregiver, and his other apparent health issues discussed at length within the Berger Filings. Given Mr. Berger's distinguished history as an expert in the area of trademark surveys, this information is extremely sensitive and should not subject to public access. Moreover, Mr. Berger is not a party to this actions, and his personal medical information is not a dispositive issue in this case, requiring only a showing of good cause to merit protection. Mr. Berger's medical information clearly meets the standard for good cause and should be protected from public scrutiny.

### E. Permanent Sealing.

Based on the subject matter of the Berger Filings, Sensory Path submits that they should be subject to permanent sealing as the public will never have an interest in the information.

## II. CONCLUSION

For the foregoing reasons, Sensory Path respectfully requests that the Court enter an order placing Documents 146, 159, 161, and 163 and their accompanying exhibits under seal from public view, inspection, and disclosure, and that the contents of these filings only be made available to the Court, the Clerk of the Court, Counsel of Record, and the parties hereto.

**RESPECTFULLY SUBMITTED,** this the 26th day of April, 2021.

s/ Stephan L. McDavid
Stephan L. McDavid, MSB No. 8380
McNabb, Bragorgos, Burgess & Sorin, PLLC
1109 Van Buren Avenue
Post Office Box 1113
Oxford, Mississippi 38655
Telephone: (662) 281-8300
Facsimile: (662) 281-8353
*Attorney for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

I, Stephan L. McDavid, hereby certify that on this day I caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

SO CERTIFIED this, the 26th day of April, 2022.

/s/ Stephan L. McDavid
Stephan L. McDavid

5