**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SENSORY PATH INC.**                                                         **PLAINTIFF**

**v.**                                  **CIVIL NO. 3:19-CV-219-GHD-RP**

**FIT AND FUN PLAYSCAPES LLC and
PAMELA A. GUNTHER**                                      **DEFENDANTS**

      **\*\*\***
**HOLLY CLAY and
SENSORY PATH INC.**                                     **COUNTER DEFENDANTS**

**v.**

**FIT AND FUN PLAYSCAPES LLC and
PAMELA A. GUNTHER**                                      **COUNTER CLAIMANTS**

**ORDER OVERRULING DEFENDANTS' OBJECTION TO ORDER GRANTING
MOTION TO EXTEND CMO DEADLINES**

On March 7, 2022, the Plaintiffs filed their Motion to Amend Case Management Order and Extend Deadlines [146] in a case pertaining to allegations of trademark infringement and copyright infringement. In said Motion, the Plaintiffs argued that they should be allowed to withdraw their expert witness due to his health issues and to designate a replacement expert witness [*Id.*]. On March 25, 2022, the Defendants filed their Response in Opposition to the Plaintiffs' Motion [159].

On April 19, 2022, the U.S. Magistrate Judge assigned to this case issued an Order Granting Motion to Extend CMO Deadlines [163]. In this Order, the Magistrate Judge found that the Plaintiffs' Motion was well-taken, and noted that during a deposition conducted remotely by video, the Plaintiffs' expert witness stated that he had recovered from a "significant illness" and had a caregiver in the room with him [*Id.* at 1-2]. The Magistrate Judge also noted that during the deposition, the expert witness was unable to answer or incorrectly answered a number of questions

on basic, undisputed issues; he also erroneously believed both that a research firm had conducted a survey for which he himself was actually responsible and that he was being retained and paid by an insurance company rather than the Plaintiffs [*Id.*]. Citing Federal Rule of Civil Procedure 16(b) and the Plaintiffs' evidence of their expert witness's cognitive decline or impairment, the Magistrate Judge held that the circumstances weighed in favor of a finding of good cause for the modification of the scheduling order [*Id.* at 3].

On May 4, 2022, the Defendants filed their Objection to the Order Granting the Motion to Extend CMO Deadlines, citing Rule 72(a) of the Federal Rules of Civil Procedure [170]. In the Defendants' view, the expert witness's "unconvincing deposition performance" and his single statement regarding his "significant illness" formed the foundation for the Plaintiffs' efforts to convince the Court to allow them to "restart the expert disclosure process with a clean slate" [*Id.* at 2] and get rid of a "hired gun" that had performed poorly [*Id.* at 16]. According to the Defendants, the Magistrate Judge "clearly erred in his factual conclusion about [the expert witness's] capacity to testify and concerning the ability of [the Plaintiffs] to provide competent reliable proof to meet its burden of proof" [*Id.* at 2]. They also argue that the Magistrate Judge "erred as a matter of law in applying a sanctions standard in this situation" [*Id.*].

On May 17, 2022, the Plaintiffs filed their Response in Opposition to Defendants' Objection to Order Granting Motion to Extend CMO Deadlines, in which they requested that this Court affirm the Magistrate Judge's Order [174].

The matter is now ready for review.

### I.  Standard of Review

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense."

*See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's non-dispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law") *and* L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law").

"Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## II.     Analysis and Conclusion

The Court begins by stating that the "clearly erroneous" rule sets a high bar for a party objecting to a magistrate judge's order. A magistrate judge's conclusions need not be the only reasonable conclusion; they need only be reasonable. As noted above, overturning a magistrate judge's decision is only warranted when the Court is "left with a definite and firm conviction that

a mistake has been made." *U.S. Gypsum Co.*, 333 U.S. at 395. After reviewing the materials in the case *sub judice*, the Court is left without such a conviction. In his Order, the Magistrate Judge articulates his thought process as he arrives at a rational finding regarding the Plaintiffs' assertions about the health of their expert witness and their ability to provide further evidence to support those assertions [163]. While it is possible that he could have gone the other way, the Magistrate Judge's conclusions are certainly reasonable as they are. Simply put, the Court finds that the Magistrate Judge's Order [163] was not clearly erroneous.

THEREFORE, it is hereby ORDERED that the Defendants' Objection [170] is OVERRULED, and the Magistrate Judge's Order [163] is AFFIRMED in its entirety.

THIS, the __1st__ day of June, 2022.

_____
SENIOR U.S. DISTRICT JUDGE