IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SENSORY PATH INC.** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:19CV219-GHD-RP**
**LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.** **DEFENDANTS**

CONSOLIDATED WITH

**FIT AND FUN PLAYSCAPES LLC, et al.** **PLAINTIFFS**

**VS.** **CIVIL ACTION NO.: 3:22CV32-MPM-RP**

**SENSORY PATH INC.** **DEFENDANT**

### ORDER GRANTING MOTION TO SEAL CERTAIN DOCUMENTS

This matter is before the court on Sensory Path, Inc.'s motion to seal certain documents previously docketed in this action containing sensitive, personal information about Sensory Path's withdrawn expert witness. ECF #165. Sensory Path requests that the subject documents be permanently sealed from public access only, with CM/ECF access permitted to the litigants' counsel. Fit and Fun Playscapes LLC and Pamela Gunther (collectively "Fit and Fun") oppose Sensory Path's motion. The court finds the motion is well taken and should be granted.

"In considering whether to grant a motion to seal, there is a 'presumption in favor of the public's access to judicial records,' and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must 'balance the public's common-law right of access against the interests favoring nondisclosure.'" *Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC,* Mo. 4:16-CV-00199-DMB-JMV, 2017 WL 564051, at *1 (N.D. Miss. Feb. 10, 2017) (quoting *SEC v. Van Waeyenberghe,*

990 F.2d 845, 848-49 (5th Cir. 1993)). "However, 'because the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause.'" *Faurecia Automotive Seating, LLC,* 2017 WL 564051, at *1 (quoting *360 Mortg. Grp., LLC v. Bivona-Truman,* No. 1:14-cv-847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases)).

The court previously granted Sensory Path's motion to extend its expert designation deadline to allow it to designate a substitute expert witness due to Sensory Path's concerns about the apparent cognitive difficulties – possibly related to a recent illness -- demonstrated by its previously-designated expert witness during his deposition. In the present motion, Sensory Path seeks to seal the deposition transcript and certain other documents that were filed in connection with its motion to extend its expert designation deadline. Sensory Path argues that the interest in protecting the sensitive, personal information pertaining to the health of its non-party, withdrawn expert witness outweighs the public's interest in access to the subject records filed in connection with the nondispositive procedural motion. The court agrees and so finds.

In opposition to Sensory Path's motion, Fit and Fun argues the public's need for access to the subject information outweighs any interest in sealing the information. According to Fit and Fun, the court determined that Sensory Path's previously-designated expert "lacked the capacity to testify," and because he "will certainly continue offering his expert consulting services," litigants, legal counsel, the United States Patent and Trademark Office, and the judicial system have an interest in information about him and the court's determination about his lack of capacity to provide testimony. *See* Fit and Fun's brief, ECF #171 at 6. However, contrary to Fit and Fun's characterization of the court's ruling, the court made no determination that Sensory

–2–

Path's expert lacks the capacity to testify. Rather, the court simply found that Sensory Path established good cause to extend its expert designation deadline in light of the relevant factors, including its explanation for the request and the lack of prejudice to Fit and Fun. In fact, as discussed in its order, the court had already contemplated resetting the expert designation deadlines along with the other scheduling deadlines in order to accommodate the parties' requested consolidation of a related action in which no discovery had taken place. Fit and Fun's suggestion that the court's ruling constitutes a judicial determination – upon which others may rely – that Sensory Path's expert lacks the capacity to testify now or ever is a stretch. Further, as Fit and Fun itself points out in its brief, if retained to give testimony in a federal court action in the future, the expert will be required to disclose his retention and deposition testimony in this action pursuant to the rule governing expert witness disclosures. In summary, the public's need for access to the records Sensory Path seeks to seal is not nearly as compelling as Fit and Fun argues.

Fit and Fun also argues that Sensory Path's requested sealing of the subject documents in their entirety is not narrowly tailored to serve the reasons for sealing the documents and that any seal should be limited to those portions of the documents containing information requiring protection. In support, Fit and Fun cites several cases in which this court ordered certain documents sealed where redacted versions of the documents were filed. In those cases, however, the subject documents were filed in connection with motions (two of which were dispositive) requesting relief unrelated to the sensitive, personal information requiring protection. *See Martin v. RUREDY808, LLC,* No. 3:20-CV-264-DMB-RP, ECF #88 at 1-2 (N.D. Miss. Oct. 7, 2021) (sealing medical records inadvertently filed in connection with motion to exclude

–3–

evidence based on alleged discovery violation); *Stansberry v. Bilbro,* No. 4:20-CV-82-DMB-RP, 2021 WL 1894141, at *1 (N.D. Miss. May 11, 2021) (sealing personal identifying information included in documents filed in connection with motion for summary judgment); *Wilmington Trust, N.A. v. Lincoln Benefit Life Company,* No. 3:17-cv-185-SA-RP, ECF #32 at 1-2 (N.D. Miss. Nov. 16, 2017) (sealing personal identifying information included in documents filed in connection with motion to dismiss). In other words, it was important in those cases that redacted documents be filed because they served a purpose in the record unrelated to the information requiring protection.

In the present case, on the other hand, the documents Sensory Path seeks to seal were filed in connection with its nondispositive motion for leave to designate a substitute expert witness and serve no purpose in the record unrelated to Sensory Path's concerns about the health of its retained expert witness. There would seem to be little utility in requiring the parties to undertake the difficult and painstaking task of parsing out and redacting those portions of the documents bearing on the subject matter of the motion – including numerous portions of the expert's deposition testimony throughout the transcript thereof -- while leaving unredacted those portions which serve no purpose in the record and which, in fact, would not even be in the record but for Sensory Path's concerns about the witness' health. Furthermore, the court has little doubt that requiring such redactions would only result in additional disputes requiring court intervention to decide which portions should and should not be redacted, even though they relate to a withdrawn expert witness who will not even be testifying in this action. For these reasons, the subject documents will be sealed in their entirety.

Fit and Fun also argues that Sensory Path's requested sealing will create confusion as to whether the sealed documents, such as the expert's deposition transcript, would be required to be filed under seal in this action in the future. Fit and Fun offers no explanation as to how or why the subject transcript might be used in this action in the future, and the court finds it difficult to imagine one, given that Sensory Path has withdrawn its designation of the witness as an expert and will not be offering his testimony. That being said, the court recognizes there may be documents subject to the requested sealing or portions thereof which, if filed in the future in this action, will not necessarily in and of themselves contain or implicate information concerning the health of Sensory Path's withdrawn expert. Therefore, if any party wishes in the future to file in this action, without sealing, a document sealed pursuant to this order, the party may do so with the written consent of the opposing parties. In the absence of such consent, the party wishing to file the document must first file a motion to file the document under seal pursuant to the local rule, in response to which motion the opposing parties must provide the basis for sealing the document. If the motion to seal is denied, the document may be filed without sealing.

In conclusion, the court finds that Sensory Path has established good cause to seal the subject documents filed in connection with a nondispositive motion. The information pertaining to the health of Sensory Path's withdrawn expert witness is irrelevant to the claims and defenses in this action, and the need to protect that information outweighs the public's interest in access to the information. These findings constitute clear and compelling reasons supporting Sensory Path's requested sealing, which, being limited to sealing from public access only and with CM/ECF access permitted to the litigants' counsel, is narrowly tailored to serve those reasons.

Therefore, Plaintiff's Motion to Seal Certain Documents is GRANTED. The following documents, including linked exhibits, which the court previously temporarily sealed pending this ruling, will remain sealed from public access only, with CM/ECF access permitted to the litigants' counsel: ECF #146, #159, #161, #163, #170, and #174. Additionally, the Clerk is directed to seal the following documents, including linked exhibits, from public access only, with CM/ECF access permitted to the litigants' counsel: ECF #162, #171, and #173. Any party wishing in the future to file in this action a document sealed pursuant to this order may do so in accordance with the procedure set forth herein above.

SO ORDERED, this, the 18th day of July, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE