IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SENSORY PATH INC.**   **PLAINTIFF**

VS.   **CIVIL ACTION NO.: 3:19CV219-GHD-RP**
  **LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.**   **DEFENDANTS**

**CONSOLIDATED WITH**

**FIT AND FUN PLAYSCAPES LLC, et al.**   **PLAINTIFFS**

VS.   **CIVIL ACTION NO.: 3:22CV32-GHD-RP**

**SENSORY PATH INC., et al.**   **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court in Cause Number 3:19CV219 is the Defendants Fit and Fun Playscapes LLC's ("Fit and Fun") and Pamela Gunther's motion for summary judgment [224] as to the Plaintiff Sensory Path Inc.'s trademark infringement and unfair competition claims. Upon due consideration and as described herein, the Court finds that the Defendants' motion should be granted and the Plaintiff Sensory Path's claims in Cause Number 3:19CV219 dismissed.

### I. *Factual and Procedural Background*

The parties are educational product vendors who design, market, and sell interactive playscapes and related products for use by children. [Compl., Doc. 1, at pp. 4-5]. The products include reusable stencils, adhesive stickers of various sizes, and other children's products and games. The Defendant Fit and Fun was founded in 2011 and the Plaintiff Sensory Path was founded in 2018.

In September of 2018, Sensory Path's founder, Holly Clay, posted onto the Internet a video of a child using one of Sensory Path's products; the video eventually garnered enormous interest and was viewed millions of times. Subsequently, Fit and Fun sent two cease-and-desist letters to Sensory Path, in August and September of 2019, alleging that Sensory Path was violating unfair competition laws and infringing on Fit and Fun's copyrights.

This litigation followed, with Sensory Path filing its complaint in Cause No. 3:19CV219 on September 28, 2019, asserting, *inter alia*, claims against the Defendants for trademark infringement and unfair competition in connection with the term "Sensory Path," in which the Plaintiff alleges it holds a valid and enforceable trademark. Three months after the commencement of this litigation, Fit and Fun brought a separate action for copyright infringement against Sensory Path in the United States District Court for the Southern District of New York (where it was assigned Case No. 19 Civ. 11697). That court, on January 12, 2022, granted Sensory Path's request to transfer the copyright infringement case to this Court, where it was assigned Case No. 3:22CV32 and was consolidated with this action. In this Opinion, the Court is solely focused on the Complaint in case number 3:19CV219 and the Defendants Fit and Fun and Pamela Gunther's motion for summary judgment as to Sensory Path's claims for trademark infringement and related state and common law claims for unfair competition.

## II. *Summary Judgment Standard*

The Court grants summary judgment as to one or more claims "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law" as to the subject claim(s). FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary

2

judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

The Plaintiff claims that it has acquired a valid and enforceable trademark in the phrase "sensory path" and that the Defendants have infringed upon the Plaintiff's trademark by using "marks in commerce that are confusingly similar or identical to" Sensory Path's purported trademark. [Doc. 1, at p. 8]. The Plaintiff's trademark infringement claim arises under the Lanham Act, 15 U.S.C. § 1125, *et seq.* See *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783

3

F.3d 527, 536 (5th Cir. 2015) (holding that "[t]rademark infringement claims are governed by the Lanham Act."). The Lanham Act defines "trademark," in relevant part, as:

> any word, name, symbol, or device, or any combination thereof ... used by a person ... to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown.

15 U.S.C. § 1127.

To prevail on a claim of trademark infringement, a plaintiff must show (1) it possesses a valid, protectable trademark; and (2) the defendant's use of the trademark creates a likelihood of confusion as to source, affiliation, or sponsorship among ordinary consumers. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012); 15 U.S.C. § 1114(1). In order to meet these elements, a plaintiff must first establish ownership in a legally protectable mark. *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008).

To qualify as a valid and legally protectable trademark, a purported trademark must qualify as "distinctive" in one of two ways: (1) inherent distinctiveness, or (2) acquired distinctiveness through secondary meaning. *Nola Spice Designs*, 783 F.3d at 537; *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). A purported trademark is deemed inherently distinctive "if its intrinsic nature serves to identify a particular <u>source</u>" of the subject product, meaning that "in the minds of the public, the primary significance of [the trademark] is to identify the <u>source of the product rather than the product itself</u>." *Wal–Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 210–11 (2000) (emph. added); *Construction Cost Data, LLC v. Gordian Grp., Inc.*, 814 Fed. Appx. 860, 869 (5th Cir. 2020).

While the successful registration of a trademark with the United States Patent and Trademark Office ("USPTO") is *prima facie* evidence that the subject trademark is distinctive,

4

Sensory Path has attempted and failed to successfully register its purported trademark with the USPTO. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237 (5th Cir. 2010); 15 U.S.C. § 1057(b) (registration of a mark on the principal register is *prima facie* evidence of the trademark's validity); *see* Doc. No. 224-10. Accordingly, because the Plaintiff's purported trademark is not registered, "the burden is on the plaintiff to prove that the mark is a valid trademark." *Parasol Flavors, LLC v. SnoWizard, Inc.*, No. 09-3394, 2010 WL 745004, at *5 (E.D. La. Feb. 25, 2010) (citation omitted).

The analysis that the Fifth Circuit has instructed district courts to follow to determine whether a purported trademark is inherently distinctive differs for word marks and design marks. *Amazing Spaces*, 608 F.3d at 243. Because the purported trademark at issue here ("sensory path") is comprised of words and not a design, the Court, as directed by the Fifth Circuit, relies on the test first set forth in *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (2nd Cir. 1976). *Nola Spice Designs*, 783 F.3d at 537-38. *Abercrombie* divided word trademarks into five categories: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and (5) fanciful. *Id.* While suggestive, arbitrary, and fanciful marks are inherently distinctive, <u>generic marks cannot be distinctive</u>, and descriptive marks are distinctive only if they have acquired "secondary meaning." *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 268 (5th Cir. 1999).[1]

In determining to which of the five categories a purported word trademark belongs, the Court must examine the context in which the term is used. *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 847 (5th Cir.1990). The Court then

---

[1] "A *generic* term is the name of a particular genus or class of which an individual article or service is but a member." *Amazing Spaces*, 608 F.3d at 241 (citation omitted); *see also Schwan's IP, LLC v. Kraft Pizza Co.*, 460 F.3d 971, 974 (8th Cir. 2006) ("A generic term ... refers to the common name or nature of the article."). "The test for genericness is whether the public perceives the term primarily as the designation of the article." *Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs Inc.*, 41 F.3d 223, 227 (5th Cir. 1995) (internal quotation marks, citation, and alterations omitted).

5

considers "how [the term] is used with other words," "the products or services to which it is applied," and "the *audience* to which the relevant product or service is directed." *Id.*

In the case *sub judice*, the Defendants argue that the term "sensory path" is generic, *i.e.*, it describes either a class of goods or the product itself and does not solely and specifically describe the Plaintiff's products, and thus is not distinctive and therefore does not qualify as a valid and protectable trademark.[2] As noted above, a term that is generic is one that refers to a class or type of goods of which an individual product is a member, and generic terms cannot become trademarks. *Amazing Spaces*, 608 F.3d at 241; *United States Patent and Trademark Office v. Booking.com B.V.*, 140 S.Ct. 2298, 2301 (2020) ("A generic name – the name of a class of products or services – is ineligible for federal trademark registration"); *Construction Cost Data*, 814 Fed. Appx. at 870 (holding that "a generic term can never be trademarked"); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009) (holding that "generic terms receive no trademark protection"); *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank*, 909 F.2d 839, 844 (5th Cir. 1990) ("Generic terms are never eligible for trademark protection").

The test for genericness includes (1) whether competitors have used the term generically without contest from the purported trademark owner; (2) whether others in the same business would generally need the term to adequately describe their product; and (3) generic usage in trade journals or newspapers. See, e.g., *Union Nat'l Bank*, 909 F.2d at 847-48; *Soc'y of Fin. Exam'rs v. Nat'l Ass'n f Certified Fraud Exam'rs Inc.*, 41 F.3d 223, 227 (5th Cir. 1995). As set forth below, the Court agrees with the Defendants that the term "sensory path" is generic and thus not eligible for trademark protection.

---

[2] The Fifth Circuit illustrated the difference between a generic term and a term that is capable of trademark protection by noting that the word 'fish' is a generic term because it applies with equal force to salmon, bass, catfish, etc. *Union Nat'l Bank of Tex., Laredo, Tex.*, 909 F.2d at 845. The Fifth Circuit went on to give the words Xerox and Kodak as examples of terms that are not generic and that therefore may be trademarked. *Id.*

Two cases that originated in the Fifth Circuit are instructive – *Parasol Flavors* and *Construction Cost Data*, both cited above. In *Parasol Flavors*, six unregistered purported trademarks related to ice confection flavorings were at issue. *Parasol Flavors*, 2010 WL 745004, at *1. The district court found that because the purported trademarks were generic, and thus did not qualify for protection as trademarks, because "they are the names by which the goods are called" and they "function as the only reasonable means for specifying which goods are being purchased." *Id.*, at *4. Likewise, in *Construction Cost Data*, a purported trademark related to a price book used in the construction industry, the "Construction Task Catalog," was held to be generic. *Construction Cost Data*, 814 Fed. Appx. at 868-69. Although that trademark had been registered with the USPTO, and thus was presumed valid, the court found, and the Fifth Circuit affirmed, that the term "Construction Task Catalog" was generic because it "identifies a genus or class of things or services, of which the particular item in question is merely a member" and because it "simply describes the nature of the product in common industry terms." *Id.* at 869-70.

Similarly, in the case *sub judice*, the Court finds that the record contains sufficient undisputed evidence demonstrating that the term "sensory path" is generic, based upon the relevant factors listed above, and thus not entitled to trademark protection. First, it is clear that Ms. Clay, the founder of Sensory Path, has herself used the term "sensory path" generically as a description of the product, rather than as a designation of her own brand, both in communicating with prospective clients regarding the product and on Sensory Path's own website. *See* Deposition of Holly Clay, Doc. No. 224-2, at p. 178, Ex. 10; *Retail Services, Inc. v. Freebies Publishing*, 364 F.3d 535, 545 (4th Cir. 2004) (holding that "evidence of the owner's generic use, in particular, is strong evidence of genericness."). Further, the record amply demonstrates that the term "sensory path" has been used generically by Sensory Path's competitors, by others in the education industry,

7

and by trade publications. *See* Docs. 82-12 through 82-41; Doc. 92-3; Doc. 133-1; Doc. 224-1. This generic usage includes an Edutopia article regarding "[t]he possibilities for creating a sensory path . . . ;" an educational textbook that generically describes a sensory path as "a series of colorful stickers or other objects placed on the ground in a hallway or room which help learners understand how to integrate and regulate different sensory inputs;" another textbook that makes several generic references to sensory paths; and numerous examples of the generic use of sensory path on Amazon.com and other commercial and educational websites, including sensorypath.store, which is owned by a company in the same business as Sensory Path, and chconline.org, a community organization in California which devotes an entire page to sensory paths, to describe the products of other vendors, and not the Plaintiff's products. See *id.*

Accordingly, based on the undisputed record evidence and utilizing the Fifth Circuit's test for genericness, the Court holds that the term "sensory path" is generic and therefore cannot be trademarked. The term describes a class of goods or the product itself and not solely and specifically the Plaintiff's products, and thus is not distinctive and does not therefore qualify as a valid and protectable trademark. Given that the purported trademark is not registered, the Court finds that the Plaintiff has failed to meet its burden to demonstrate that the term is eligible for trademark protection. The Defendants' motion for summary judgment as to the Plaintiff's claim for trademark infringement shall therefore be granted.

The Plaintiff's state law claims for unfair competition likewise fail. Because those claims are predicated on the Plaintiff owning trademark rights in the term "sensory path," the Court's ruling that the term is not capable of trademark protection renders the Plaintiff's state law claims without merit as well. *Boston Prof'l Hockey Assoc., Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) (holding that "[a]s a general rule . . . the same facts which would

support an action for trademark infringement would also support an action for unfair competition"); *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985) (same). The Defendant's motion for summary judgment as to the unfair competition claims shall therefore be granted, and those claims dismissed.

Finally, the Court notes that the Defendants have asserted five Counterclaims in this matter [82]. Given the Court's ruling on the Plaintiff's trademark claims, the Court rules that the Defendants' First and Second Counterclaims, which essentially seek declaratory judgments of non-infringement and trademark invalidity and unenforceability on separate grounds, are effectively granted by the Court's ruling on the Defendants' motion for summary judgment. The First Counterclaim, therefore, shall be granted and the Second Counterclaim declared moot. The Third Counterclaim, which seeks a declaratory judgment related to the Plaintiff's state law claims for unfair competition, was likewise effectively granted by the Court's summary judgment ruling, and that Counterclaim shall therefore be granted. The Fourth and Fifth Counterclaims, which seek to assert claims against the Plaintiff and Holly Clay for False Designation of Origin under the Lanham Act and for Unfair Competition under state law, shall proceed. These claims have not been made the subject of a dispositive motion by the Plaintiff or by Ms. Clay; the Court therefore must permit these claims to proceed at the present juncture. Accordingly, the Defendants' Fourth and Fifth counterclaims shall proceed as the sole remaining claims in Cause No. 3:19CV219. *Molett v. Penrod Drilling Co.*, 919 F.2d 1000, 1004 (5th Cir. 1990); *IMFC Professional Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. Unit B, May 1982).[3]

---

[3] Lastly, the Court considers the argument in Fit and Fun's Motion to Strike [260] that is relevant to the Plaintiff's trademark claims. In the motion to strike, Fit and Fun asks the Court to strike the Plaintiff's supplemental filing [257] that simply amends several of the Plaintiff's citations to the record. The relevant supplemental filing [257] and the amended citations played no role in the Court's decision, and thus, even if the Court strikes the amended citations, the Court will reach the same conclusion regarding the Plaintiff's claims. The supplemental citations did not alter any of the Court's decisions nor any reasoning used in reaching those decisions, and thus Fit and Fun's Motion to Strike [260] is found to be moot as it relates to Doc. No. 257.

## *IV.* *Conclusion*

In sum, for all of the foregoing reasons, the Court finds that the Defendants in Cause Number 3:19CV219 are entitled to judgment as a matter of law as to the Plaintiff Sensory Path's claims for trademark infringement and unfair competition, and those claims are therefore dismissed. In addition, the parties' evidentiary motions that apply to the trademark claims are dismissed as moot. Finally, the Defendants' First Counterclaim is granted, the Defendants' Second Counterclaim is moot, the Defendants' Third Counterclaim is granted, and the Defendants' Fourth and Fifth Counterclaims shall proceed.

An order in accordance with this opinion shall issue this day.

THIS, the 17th day of November, 2022.

_____
SENIOR U.S. DISTRICT JUDGE