IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SENSORY PATH INC.**     **PLAINTIFF**

V.     **NO: 3:19CV219-GHD-RP**
    **LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.**     **DEFENDANTS**

**CONSOLIDATED WITH**

**FIT AND FUN PLAYSCAPES LLC**     **PLAINTIFF**

V.     **NO: 3:22CV32-GHD-RP**

**SENSORY PATH INC., et al.**     **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is Plaintiff and Counter-Defendants' Motion for Summary Judgment as to copyright infringement. [232]. Defendants and Counter-Claimant Fit and Fun Playscapes, LLC ("Fit and Fun") and Pamela Gunther have responded in opposition to the Motion for Summary Judgment [232] of The Sensory Path, Inc., Holly Clay, and Madison Barker (collectively "Sensory Path"). Upon due consideration, for the reasons set forth herein, the Court hereby grants in part and denies in part Sensory Path's motion for summary judgment.

### Factual Background

Sensory Path is a corporation organized and existing under the laws of the state of Mississippi and has its principal place of business at 198 Woodlawn Drive, Oxford, Mississippi 38655. Holly Clay is the founder of Sensory Path, Inc. and Clay began developing her "Sensory Path" product in 2007 which aimed to reduce sensory stimulation by using a child's movements in a coordinated pattern to target key areas of the neurological system that the child experiences during the learning process. These paths were created with vinyl stickers or painted depending on

1

their placement. Clay began using the domain "thesensorypath.com" in 2018 to market her products.

Fit and Fun is a limited liability company organized and existing under the laws of the state of New York with Pamela Gunther as the founder and president. Fit and Fun was founded in 2011 and sells interactive playscapes which include reusable stencils, paint kits, indoor adhesive stickers, and roll-out games.

On August 22, 2019, Fit and Fun sent a cease-and-desist letter to Sensory Path Inc. alleging that Sensory Path was violating unfair competition laws and infringing on Fit and Fun's copyrights. Fit and Fun sent a second cease-and-desist letter approximately a month later on September 25, 2019. After receiving the cease-and-desist letters, Sensory Path initiated a suit against Fit and Fun alleging trademark infringement. Fit and Fun then filed suit against Sensory Path for copyright infringement, false designation of origin and false representation of fact, and false advertising.

## Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate

the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Discussion

Presently at issue are product designs used by Sensory Path and Fit and Fun's allegation that these designs infringe on copyrights held by Fit and Fun. Fit and Fun alleges that Sensory Path's "Numbered Daisy Element," floating log element, and "Dilly the Dragon" are unauthorized derivatives of Fit and Fun's Daisy Hopscotch Reusable Stencil design, Log Reusable Stencil design and layout, and Alphabet Snake Reusable Stencil. A claim for copyright infringement has

3

three elements: "(1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007).

## I. Ownership of Copyrights – Authorship and Assignment

Sensory Path first argues in its Motion for Summary Judgment that Fit and Fun lacks standing as Fit and Fun has failed to provide any evidence showing ownership of the alleged copyrighted works. Specifically, Sensory Path claims that two of the designs at issue were not authored by Fit and Fun or its employees but were instead created by an independent contractor. Further, Sensory Path claims that Fit and Fun lacked ownership of one of the copyrights when the suit was initiated.

For the Daisy Hopscotch and Log designs, Sensory Path asserts that Meghan Spratt was the creator of these works as an independent contractor who did not assign the copyright to Fit and Fun, thus these copyright claims should be dismissed for lack of standing. Copyright ownership "vests initially in the author or authors of the work[,]" and "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression." 17 U.S.C. § 201(a), *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 737, 109 S.Ct. 2166, 2171 (1989). Sensory Path asserts that Meghan Spratt fixed the ideas of the Daisy Hopscotch and Log designs into a tangible expression, claiming that the evidence shows Meghan Spratt took an idea of the designs and created the final design with a computer drawing.

Fit and Fun alternatively asserts that Meghan Spratt was given the designs, not just ideas, and then drew those designs on the computer. These contributions, according to Fit and Fun, were non-copyrightable as Meghan Spratt did not create the work but instead was given hand-drawn sketches by Pamela Gunther to convert into digital format throughout the creation process.

4

Testimony presented in response to Sensory Path's current motion shows that Meghan Spratt was presented with a tangible expression of the designs and converted the hand-drawn designs into digital versions. The copyright's author is the "person who reduces an idea to a fixed, tangible expression[,] and the evidence presented by Fit and Fun supports the claim that Pamela Gunther created the designs and Meghan Spratt merely transposed the designs on a computer under the guidance and instruction of Gunther. "Authors 'are entitled to copyright protection even if they do not perform with their own hands the mechanical tasks of putting the material into the form distributed to the public." *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991) (quoting *Andrien v. Southern Ocean County Chamber of Commerce*, 927 F.2d 132, 135 (3d Cir.1991)). While Sensory Path points to other testimony that Meghan Spratt was "told" what to draw on the computer, Sensory Path has failed to show that there is no dispute of material fact as to who owns the copyright for the Daisy Hopscotch and Log designs.

Sensory Path next argues that the Court should dismiss Fit and Fun's claim of copyright infringement of the Alphabet Snake as Fit and Fun did not obtain ownership of this copyright through a nunc pro tunc assignment from Brian Tuthill until after litigation surrounding this case began. Specifically, Sensory Path argues that Brian Tuthill was not listed as an author of the Alphabet Snake on the original copyright application on August 12, 2019. The copyright application filing was amended on December 4, 2019, stating that Brian Tuthill should have been listed as contributing artwork, and also that Brian Tuthill had transferred his copyrights to Fit and Fun by written assignment. Sensory Path claims this is a "sham assignment" done only to cure the detrimental flaw that Fit and Fun was not the valid owner of the Alphabet Snake copyright at the time of filing suit. Further, Sensory Path argues that this assignment in invalid as the assignment was done solely to grant the bare right to sue, which is not considered a valid grant of standing to

5

pursue litigation. *Minden Pictures, Inc. v. Pearson Educ., Inc.*, 929 F. Supp. 2d 962, 970 (N.D. Cal. 2013).

Fit and Fun responds to Sensory Path's allegations by establishing a timeline showing that Sensory Path is incorrect in claiming that the copyright assignment was done after the copyright suit was filed. Fit and Fun received the nunc pro tunc assignment from Brian Tuthill on December 2, 2019, filed an amendment correcting Brian Tuthill's omission with the copyright office on December 4, 2019, and filed its complaint for copyright infringement and false advertising on December 20, 2019.

Fit and Fun cites a case from the Eastern District of New York that noted "a nunc pro tunc assignment of a trademark may confer standing if the assignment occurred before the lawsuit is filed." Further, a nunc pro tunc assignment after commencement of a suit cannot retroactively confer standing, and this rule applies even when an assignment is drafted to be effective prior to suit but executed after suit is filed. *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 779 (Fed. Cir. 1996).

The Court considers standing in relation to when the copyright suit was filed, which was on December 20, 2019, approximately two weeks after the copyright assignment was completed. Further, the Court takes notice as to what the copyright assignment from Brian Tuthill conferred to Fit and Fun. Sensory Path's argument that the copyright assignment was a sham assignment merely done to transfer the right to sue is not well founded. Sensory Path argues that right to sue assignments disguised as copyright assignments do not provide standing. *Minden Pictures, Inc. v. Pearson Educ., Inc.*, 929 F. Supp. 2d 962, 970 (N.D. Cal. 2013). However, the case *sub judice* is differentiated by the case cited by Sensory Path as the present assignment conferred a greater number of rights and interests in the copyrighted work. As noted by Fit and Fun, the entirety of

Brian Tuthill's rights and interest in the work was conveyed, not merely part ownership and the right to sue as in *Minden Pictures, Inc.*

The Court notes that standing and copyright are separate issues and thus Sensory Path's two arguments are addressed individually. Fit and Fun has established that standing exists to bring forth the copyright infringement claim surrounding the Alphabet Snake, and Sensory Path has not disputed standing for the other alleged infringing works. However, Sensory Path has brought forth arguments and evidence establishing a dispute of material fact surrounding the ownership of Fit and Fun's copyright of the Daisy Hopscotch and Log Design, but Sensory Path has not disputed the ownership of the Alphabet Snake. Fit and Fun has demonstrated that standing exists for these copyright claims, specifically the Alphabet Snake copyright claim, and Fit and Fun has also presented evidence that indicates a genuine issue of material fact exists on the issue of copyright ownership for the Daisy Hopscotch and Log Design.

## II.     Validity of Copyrights

Ownership of a valid copyright is established by proving the originality and copyrightability of the material and compliance with the statutory formalities. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995) (citing *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810-11 (5th Cir.1989); *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir. 1984). Also, a certificate of registration constitutes prima facie evidence concerning the validity of a copyright and a rebuttable presumption that the copyright is valid. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995)).

Sensory Path argues in its motion for summary judgment that the works at issue lack sufficient originality to be protectable, thus leaving the copyright invalid. Later, in a reply to Fit and Fun's response to the present motion, Sensory Path presents potentially new arguments

7

surrounding Fit and Funs alleged failure to follow statutory registration guidelines. The Court notes that arguments raised for the first time in a reply brief are generally waived, however the issue is found to be moot, as even when considering Sensory Path's arguments located in its reply, the Court arrives at the same conclusion.

Each of Fit and Fun's three works at issue in this matter have been registered with the copyright office by Fit and Fun, thus providing prima facie evidence concerning the validity of the copyright and a rebuttable presumption that the copyright is valid. Even as Sensory Path argues in its reply brief that Fit and Fun did not register some of its works within 5 years after first publication, the "weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C. § 410(c).

Also, copyright protection is extended to works which are independently created and that possess at least some minimal degree of creativity. *Feist Publications v. Rural Tel. Service*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Sensory Path provides prior works allegedly similar and existing before Fit and Fun's copyrights, claiming that Fit and Fun's designs lack the minimal degree of creativity to be copyrightable. While Fit and Fun does not provide a straightforward analysis explaining how their own works contain a minimal degree of creativity in comparison, the Court finds Fit and Fun's works to contain enough minimal creativity to be distinguishable from the works submitted by Sensory Path. Sensory Path merely asserts that these prior designs are either similar or near identical to the works of Fit and Fun, and thus not original to Fit and Fun, without providing any further analysis. Fit and Fun has presented evidence stating that all three of their works in issue were independently created, and while the works are arguably similar, they are not so similar for the Court to find that there has been no minimal degree of creativity as so that the works cannot be distinguished from each other. Giving Fit and Fun's

copyright registration at least some weight through the Court's discretion combined with the minimal degree of creativity established by Fit and Fun concerning its works create a genuine issue of material fact concerning ownership of valid copyrights.

### III. Factual Copying

Factual copying addresses whether the alleged infringer copied, or actually used the copyrighted material in his own work. *Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). Factual copying can be established through direct or circumstantial evidence. *Id.* "Direct evidence of copying is rarely available because it includes evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." *Nat'l Conf. of Bar Exam'rs v. Multistate Legal Studies, Inc.*, 458 F. Supp. 2d 252, 256 (E.D. Pa. 2006) (quoting *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006)).

"As direct evidence of copying is rarely available, factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001)). "Access has been defined to include an opportunity to view the copyrighted work." *Id.* (citing *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 113 (5th Cir. 1978)). Probative similarity requires a showing that the works, when compared as a whole, are adequately similar to establish appropriation. *Gen. Univ. Sys. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004) (citing *Peel*, 238 F.3d at 397). Factual copying may also be proven without a showing of access "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.*

Sensory Path first argues that there has been no proof of access to Fit and Fun's work, and that a bare possibility or speculation or conjecture is not enough. *Armour v. Knowles*, 512 F.3d

9

147, 153 (5th Cir. 2007). As argued by Sensory Path, Fit and Fun must provide more evidence than mere web presence to raise a genuine issue of material fact concerning access. *Id.* Further, Sensory Path asserts that an IP address that contains the city and state of the user's location does not create a reasonable inference that the same user was the infringer. *Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018). Expanding on this argument, Sensory Path notes that Fit and Fun does not know the exact IP address or user that visited its website in May 2018 nor does Fit and Fun have proof of what images were viewed by that unknown user and IP address but that Fit and Fun is only aware that the user was located in Oxford, Mississippi. Fit and Fun does not entirely rely on the IP address to establish a reasonable opportunity for access but instead makes the argument in culmination with others.

Fit and Fun further attempts to establish access through other means asserting that Sensory Path had a reasonable opportunity to view Fit and Fun's protected works. Fit and Fun claims that the website containing the copyrighted works was published before Sensory Path began designing its products. Also, Fit and Fun published some of its works on a website called Pinterest, which is an image sharing social media service. Fit and Fun refers to deposition testimony to establish a reasonable opportunity to view the protected works, as Holly Clay testified that she must have used Pinterest to find ideas, as she communicated with another party online that searching for "interactive playgrounds or sensory paths and painted playgrounds" on Pinterest would lead to many ideas.

The Court finds that Holly Clay's own admission to searching both Google and Pinterest for sensory paths, painted playgrounds, and interactive playgrounds provides evidence beyond mere speculation and conjecture to support the possibility of access. The Court does not have a "long chain of inferences" to follow, rather the chain is quite short in that the works were published

on multiple online sites and Holly Clay used search functions online on at least one of the sites to search for similar works and product ideas. The Court places much more emphasis on Holly Clay's testimony than it does on the Oxford, Mississippi IP address, but when viewed together a genuine issue of material fact exists as to Sensory Path's access of Fit and Fun's works. As there is a genuine issue of material fact as to access, the Court need not address the other method of showing factual copying through a striking similarity since that method is used when access cannot be shown.

Fit and Fun can show probative similarity by illustrating "any similarities between the two works," even as to unprotectable elements, "that, in the normal course of events, would not be expected to arise independently." *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020) (quoting *Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 370 (5th Cir. 2004)). Probative similarity does not appear to be entirely disputed, however, the Court notes that a cursory review of Sensory Path's and Fit and Fun's works at issue reveal numerous similarities in design, layout and arrangement, and thus sufficient evidence in the record to create a genuine issue of material fact as to factual copying.

"Not all copying, however, is copyright infringement." *Feist*, 111 S.Ct at 1289. "[A] side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Positive Black Talk*, 394 F.3d at 374. The question of whether two works are substantially similar should be left to the ultimate factfinder typically, but "summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression." *Gen. Univ. Sys.*, 379 F.3d at 142

11

The substantial similarity inquiry focuses only on those aspects of the work that are protectible under copyright laws, and the Court is to first distinguish between protectable and unprotectable elements of the copyrighted work. *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 550 (5th Cir. 2015). Common anatomical features such as arms, legs, faces, and fingers are not protectable elements, and instead these features are ideas belonging to the public domain; *Id.* at 551 (citing *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 136 (2d Cir.2004). These anatomical and common ideas are part of the public domain and thus not copyrightable, however, the manner in which these ideas are expressed may be protectable if that expression is original and not dictated by the underlying idea. *Id.* (citing *Mattel, Inc.*, 365 F.3d at 135–36).

i. **Comparison of Fit and Fun's Daisy Hopscotch and Sensory Path's Flower Element**

The first two works being compared in this instance are both daisy flowers that are designed for hopscotch. The general elements of a daisy such as the stem, leaves, and flower are simply features of the flower that are not copyrightable, however, the manner in which these elements are expressed may be copyrightable. Both daisies contain a curved stem, twelve numbered leaves designed for counting and hopscotch, an orange center portion of the flower, and also yellow petals. However, each daisy uses a slightly different shade of green and yellow and different shaping of the typical daisy characteristics. The center of the daisy flower of Fit and Fun contains a face with sunglasses, while Sensory Path's flower center contains a black and white ring around it. While both daisies contain twelve numbered leaves, Fit and Fun's daisy has unattached leaves on either side with an alternating leaf in the middle and Sensory Path's daisy has attached leaves only on the left and right sides.

A daisy flower typically contains a yellow flower center, white florets around the center, and a straight stem. Both parties have expressed the stem with a curvature that is not typically seen in a daisy. Leaves along the stem are also an anatomical aspect of a daisy, and both parties have included them similarly expressed on their work in a numbered format from one to twelve on green leaves. Also, the top of both daisies contain yellow petals with an orange center. The number of similarities between the two works is sufficient to support a finding of substantial similarity in the mind of a reasonable juror. Both works contain elements, ideas, and expressions that a layman could view as substantially similar, as Fit and Fun has raised a fact issue as to the protectable elements of its Numbered Daisy Element and the similarities in those elements in Sensory Path's Daisy Hopscotch.

ii. **Comparison of Fit and Fun's Jump Logs and Sensory Path's Floating Logs**

The two works being compared in this instance are logs and the word "jump" located at the bottom portion of the work. The Court first notes that the designs at issue here contain very few expressions and ideas which would qualify as original. As a general characteristic of a wooden log, the works are of a cylindrical shape and a brown shade in color. The three areas of possible copyrightable expression for these works are the size of the logs, the design of the side of the log, and the expression of the logs' ridges. Sensory Path's logs are dark brown in color containing long, smooth, light brown ridges and a swirl on the side. Fit and Fun's logs are thinner logs and light brown in color. Fit and Fun's logs contain darker brown ridges which are varying in size and length, and the log appears to be split on the side with a light brown circle in the middle of the split. The layout of the logs is also different as Fit and Fun's logs are displayed in an offset pattern with each alternating log angled in a different direction, and Sensory Path's logs are displayed in a straight-forward manner.

13

The only noticeable similarities are the color scheme and the word "jump" directing participants on how to use the design. The copyrightable elements of the logs such as the design of the log, the shape, and the side share very little if any similarities. The similarities, if any, are not enough so that a layman would view the two works as substantially similar, able to detect piracy without aid or suggestion by others. The similarities between the two are too trivial to reach the threshold of substantial similarity and thus Sensory Path's motion is granted as to this part.

### iii. Comparison of Fit and Fun's Alphabet Snake and Sensory Path's Dilly the Dragon

Lastly for comparison the Court looks to Fit and Fun's Alphabet snake and Sensory Path's Dilly the Dragon. While these two works are of a snake and a dragon, both designs feature a snake-like shape. Each work displays an elongated snake or dragon containing the alphabet beginning near the snake and dragon's head. Both works are expressed in a cartoon type style rather than a realism expression with the alphabet following along the back of the snake and dragon in blocks of color. Fit and Fun's snake and Sensory Path's dragon both have green heads with half closed eyelids that lead into the body beginning to curve, with each work containing multiple left and right curves. The shape of the colored blocks containing the alphabet letters both turn and follow the path of each animal's body, and both works use orange, red, yellow, and blue around the alphabet letters.

On the other hand, the works share a few differences as well. Sensory Path's work includes a dragon breathing fire, straight lines at the top and bottom of the alphabet color blocks, a border surrounding the dragon, and the dragon also has legs. Fit and Fun's snake has a rattlesnake like tail, no border surrounding the snake, a small gap between each letter, and yellow eyelids.

14

The Court must separate the copyrightable elements from the uncopyrightable works so they may be compared. Some general features of these works include the anatomy of a snake and dragon, although fictional, which includes the physical characteristics such as the general snake-like shape for both works and the legs on the dragon. Once the Court no longer includes these elements in comparison, the similarities become more apparent.

While a snake's head and dragon's head are anatomical features and thus not copyrightable, the manner in which they are expressed may be copyrightable. Here, both works use a green head, half closed eyelids, and dark green nostrils. Both works also include multiple bends in the body, with the dragon and snake both curving around the letters "C, D, E"; "H, I, J"; and "T, U, V." While not identical, the snake and dragon also share multiple colors such as green, red, blue, orange, and yellow.

Due to the above discussed similarities between the two works, the Court finds the similarities in protectible elements to be sufficient to support a finding of substantial similarity in the mind of a reasonable juror. The protectible elements, ideas, and methods of expression apparent in both works raise a fact issue as to the substantial similarity between Fit and Fun's Alphabet Snake and Sensory Path's Dilly the Dragon.

Lastly, the Court considers the remaining issues addressed in Fit and Fun's Motion to Strike [260]. As discussed earlier, the Court, even when considering Sensory Path's alleged new arguments in its reply brief, arrives at the same conclusion regarding the fact issues surrounding Fit and Fun's ownership of valid copyrights. Therefore, Fit and Fun's motion to strike the designated pages of the reply is found to be moot. Fit and Fun also requests to strike Sensory Path's supplements amending citations [256, 257]. Only one supplemental filing [256] is relevant to the present motion, and even when the Court considers the amended citations, the same

conclusion is reached. The supplemental citations do not alter any of the Court's decisions nor any reasoning used in reaching those decisions, and thus Fit and Fun's Motion to Strike is found to also be moot in this aspect.

## Conclusion

For the reasons stated above, the Court finds that Sensory Path's Motion for Summary Judgment [232] shall be GRANTED IN PART and DENIED IN PART. Further, the Court finds that Fit and Fun's Motion to Strike [260] shall be DENIED AS MOOT as it concerns the present motion for summary judgment.

An order in accordance with this opinion shall issue this day.

This, the 17th day of November, 2022.

_____
SENIOR U.S. DISTRICT JUDGE