# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**SENSORY PATH INC.**                                                                  **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:19CV219-GHD-RP**
                                                                              **LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.**                                              **DEFENDANTS**

CONSOLIDATED WITH

**FIT AND FUN PLAYSCAPES LLC, et al.**                                              **PLAINTIFFS**

**VS.**                                           **CIVIL ACTION NO.: 3:22CV32-MPM-RP**

**SENSORY PATH INC.**                                                                  **DEFENDANT**

## ORDER ON MOTIONS TO STRIKE

This matter is before the court on Fit and Fun Playscapes LLC's Motion to Strike Certain of Defendants' Trial Exhibits [ECF #285 in lead case] and Sensory Path, Inc., Holly S. Clay and Madison Barker's (collectively "Sensory Path") Rule 37 Motion to Strike Proposed Exhibits [ECF #291 in lead case]. Each motion seeks to strike from the pretrial order certain of the opposing party's trial exhibits due to a failure to disclose in discovery. Specifically, Fit and Fun seeks to strike Exhibit SP-3, an affidavit with attachments that Fit and Fun asserts was not identified or produced during discovery; and Exhibits SP-22 and SP-38, spreadsheets that Fit and Fun asserts were produced during discovery in essentially unreadable format. Sensory Path, on the other hand, seeks to strike Exhibits FF-32 through FF-45, copies of certain Sensory Path social media posts that Sensory Path asserts were not identified or produced during discovery.

In response to Fit and Fun's motion to strike, Sensory Path agrees to withdraw Exhibits SP-22 and SP-38. As to Exhibit SP-3, Sensory Path asserts that the affidavit is a certificate of

authenticity provided under the Federal Rules of Evidence; that one of the exhibits attached thereto is a copy of an archived internet screenshot from Fit and Fun's website that was previously attached to Sensory Path's complaint; and that the other attached exhibit is a copy of another archived internet screenshot from Fit and Fun's website.[1] In response to Sensory Path's motion to strike, Fit and Fun argues that its initial disclosures and the allegations in its complaint sufficiently put Sensory Path on notice that Fit and Fun may rely on the subject social media posts in support of its claims. After careful consideration, the court finds that Exhibits SP-22 and SP-38 should be stricken as agreed by the parties, and that both motions to strike should otherwise be denied.

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

Rule 26(e)(1)(A) requires the party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also* L.U.Civ.R. 26(a)(5).

---

[1] Although the exhibits to the affidavit attached to Fit and Fun's motion are each comprised of multiple screenshots, Sensory Path has stated its intention to remove all but two screenshots from the affidavit's exhibits and has described the two remaining screenshots in its response to Fit and Fun's motion to strike.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, No. 3:03CV60-P-D, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell Western E&P, Inc.,* 609 F.3d 710, 729 (5th Cir. 2010).

The court will first address the affidavit at Exhibit SP-3 which Fit and Fun seeks to strike. The affidavit is made by a "Records Request Processor" at the Internet Archive, a website that provides access to archived internet pages through its service known as the "Wayback Machine." The affidavit describes the process by which the Wayback Machine archives internet files and makes them accessible to visitors to Internet Archive's website, and the affidavit attests to the authenticity of the archived screenshots attached as exhibits to the affidavit. Sensory Path asserts the affidavit is provided as a certificate of authenticity of the attached Wayback Machine records as was specifically contemplated by the Fifth Circuit in *Weinhoffer v. Davie Shoring, Incorporated,* 23 F.4th 579, 584 (5th Cir. 2022) (finding trial court erroneously took judicial

notice of Wayback Machine records in absence of testimony or affidavit authenticating such records). The court agrees. The affidavit's description of the Wayback Machine's processes contains no substantive testimony regarding issues relevant to the claims or defenses in this case; the information goes towards the authenticity of the attached screenshots and nothing more.

Under Federal Rule of Evidence 902(11), "the authenticity of business records may be established by written declaration of the custodian [or another qualified person] provided to opposing counsel a reasonable time before trial." *United States v. Daniels,* 723 F.3d 562, 579 (5th Cir. 2013). Sensory Path provided the subject affidavit to Fit and Fun in advance of the pretrial conference, which was conducted over 30 days before this case is set to be tried. The court finds this constitutes reasonable notice in this case. *See Daniels,* 723 F.3d at 581 (noting Fifth Circuit's "general proposition that five days' notice is sufficient under Rule 902(11)") (citing *United States v. Olguin,* 643 F.3d 384, 391 (5th Cir. 2011)). This does not mean that Fit and Fun may not still challenge the authenticity of the attached screenshots; it means only that the affidavit was provided sufficiently in advance of trial to give Fit and Fun reasonable notice of Sensory Path's intent to use it to authenticate the attached screenshots.

The court will now address the screenshots of Fit and Fun's website attached as exhibits to the affidavit, as well as the Sensory Path social media posts which Sensory Path seeks to strike. Although neither party identified or produced in discovery the subject items it now seeks to use at trial,[2] the court concludes that the parties' mutual failure in this regard is harmless. In

---

[2] With respect to Fit and Fun's supplemental disclosure stating, "Additional online information relating to products and services relevant to Defendant's defenses and claims can be found at the parties' websites and social media including but not limited to http://www.fitandfunplayscapes.com/; https://thesensorypath.com/; other third party websites, online blogs, videos, press releases, social media pages, and the USPTO's official website," the court agrees with Sensory Path's argument that this description is too broad to be considered a sufficient "description by category and location" of disclosed documents as permitted by Rule

its complaint, Sensory Path alleged that Fit and Fun was not using the phrase "sensory path" or offering indoor "super stickers" in its marketing materials prior to September of 2018, and in support Sensory Path identified as an example an archived screenshot of Fit and Fun's website that is now attached as an exhibit to the affidavit. *See* Sensory Path's Complaint, ECF #1 (in lead case) at 3. The other screenshot from Fit and Fun's website and attached to the affidavit is from prior to that date as well. Fit and Fun, for its part, alleged in its amended complaint that in Sensory Path's social media posts, Sensory Path displayed photos and videos of infringing products and also identified sales and installations of infringing products, and in support of the latter allegation Fit and Fun identified examples of such social media posts. *See* Fit and Fun's First Amended Complaint, ECF #28 (in member case) at 3-4, 10-11.

It is apparent from the pleadings in this case that Sensory Path and Fit and Fun each intended to rely on website pages and/or social media posts of the other. Although the court could reasonably conclude that neither party sufficiently disclosed – in pleadings or discovery – one or more website pages or social media posts that it now seeks to use at trial, the fact that *both* parties now seek to use such evidence weighs in favor of an equitable finding of harmlessness. Under the circumstances, the court concludes it is fairer to afford both parties the opportunity to present their best evidence in this regard than to afford only one of them or neither of them the opportunity to do so.

For these reasons, Fit and Fun's motion to strike Exhibits SP-22 and SP-38 is GRANTED. The court will insert the word "STRICKEN" next to each of those exhibits in the pretrial order, and the court will remove as unnecessary Fit and Fun's objections to those exhibits. Fit and Fun's motion to strike Exhibit SP-3 and Sensory Path's motion to strike

---

26(a)(1)(A)(ii).

Exhibits FF-32 through FF-45 are both DENIED.[3]

SO ORDERED, this, the 20th day of December, 2022.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE

---

[3] The court notes that Sensory Path has marked Exhibit SP-3 as an exhibit by writing "SP-3" with a marker on the face of the document. The parties are instructed to mark their proposed trial exhibits using different color exhibit stickers that are easily recognizable.