IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SENSORY PATH INC.                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:19CV219-GHD-RP
                                                                LEAD CASE

FIT AND FUN PLAYSCAPES LLC, et al.                           DEFENDANTS

CONSOLIDATED WITH

FIT AND FUN PLAYSCAPES LLC                                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:22CV32-GHD-RP

SENSORY PATH INC., et al.                                    DEFENDANTS

## ORDER GRANTING FIT AND FUN'S MOTION FOR PERMANENT INJUNCTIVE AND OTHER RELIEF

Presently before the Court is Fit and Fun Playscapes LLC's ("Fit and Fun") motion for permanent injunctive and other relief [215, 306]. The motion is unopposed. Upon due consideration, the Court finds that the motion should be granted and the relief sought therein shall be granted.

A jury tried the copyright infringement claims pending in Civil Action No. 3:22CV32 with the undersigned judge presiding, and the jury rendered a verdict on January 12, 2023. In its verdict, the jury determined that Fit and Fun owns valid copyrights in the two subject works (the "Daisy Hopscotch" and the "Alphabet Snake") and that Sensory Path Inc.'s "Numbered Daisy Element" and "Dilly the Dragon" works infringe upon Fit and Fun's copyrights.

The Copyright Act, 17 U.S.C. § 502, provides that a Court may issue a permanent injunction "to prevent or restrain infringement of a copyright." See, e.g., *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (holding

that courts may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-CV-269-H, 2021 WL 5883136, at *24 (N.D. Tex. Dec. 10, 2021) ("[A]n injunction is appropriate if liability has been established and if there is a continuing threat of further infringement of an owner's copyrights."). Four elements must be present: (1) the plaintiff has suffered an irreparable injury; (2) no other adequate remedy at law exists; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the injunction will not disserve public interest. *Canadian Standards Assoc., v. P.S. Knight Co., Ltd.; et al.*, No. 1:20-CV-1160, 2023 WL 1769832, at *13 (W. D. Tex. Jan. 4, 2023) (citing *eBay Inc.*, 547 U.S. at 391).

In the case *sub judice*, the Court finds that Fit and Fun has met all of the four required elements. First, Fit and Fun has suffered continuing copyright infringement that necessitates injunctive relief. Second, there is no other adequate remedy at law, as Sensory Path's infringement of Fit and Fun's subject copyrighted works copyright persists despite extensive efforts by Fit and Fun to curb the infringement. See *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *5 (W.D. Tex. Feb. 28, 2017) (granting permanent injunction where defendant repeatedly violated plaintiff's copyrights despite plaintiff's efforts to curb the infringement). Next, any threatened injury to Sensory Path would be of its own making through its continued infringement. Lastly, an injunction will serve the public interest, as it prevents Sensory Path from circumventing the jury's verdict in this case by perpetuating copyright infringement. The Court therefore finds that a permanent injunction is appropriate to prevent Sensory Path and Holly Clay from infringing in the future, and the Court shall grant Fit and Fun's request for permanent injunctive relief.

The Court further finds, based on the jury's verdict in this case, that Sensory Path's and

Holly Clay's Copyright Registration No. VA 2-204-079 is erroneous and injurious to Fit and Fun. While the authority to cancel a copyright registration resides exclusively with the Copyright Office, the Court "can issue an order directing a party in a copyright infringement lawsuit to request from the Copyright Office that the Office cancel the party's own copyright registration through the voluntary cancellation procedure dictated by the Copyright Office." *Chambers v. Green-Stubbs*, No. 1:19-CV-093-GHD-DAS, 2021 WL 107252, at *4 (N.D. Miss. Jan. 12, 2021); U.S. Copyright Office, compendium of U.S. Copyright Office Practices § 1807.4(F) (3d ed. 2017) (discussing court-ordered cancellations of a copyright registration). Here, the Court directs Sensory Path and Holly Clay to voluntarily withdraw Copyright Registration No. VA 2-204-079.

For all of the foregoing reasons, it is hereby ORDERED that Fit and Fun Playscapes LLC's motion for permanent injunctive and other relief [215, 306] is GRANTED. Sensory Path and Holly Clay are hereby ENJOINED from any unauthorized use of Fit and Fun's Copyrighted Works, including reproducing, distributing, publishing, selling, offering for sale, publicly displaying, and/or preparing the Copyrighted Works or derivative works in any form, including hard copy, pdf, or any other electronic or printed format, or otherwise using any portion of Fit and Fun's two subject copyrighted works in an unauthorized manner, including through the use of social media or the Internet. This injunction further DIRECTS Sensory Path and Holly Clay to voluntarily withdraw Copyright Registration No. VA 2-204-079.

SO ORDERED, on this the _17th_ day of February, 2023.

_____
SENIOR U.S. DISTRICT JUDGE