IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **SENSORY PATH INC.** | **PLAINTIFF** |
| V. | NO: 3:19CV219-GHD-RP<br>**LEAD CASE** |
| **FIT AND FUN PLAYSCAPES LLC, et al.** | **DEFENDANTS** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **FIT AND FUN PLAYSCAPES LLC** | **PLAINTIFF** |
| V. | NO: 3:22CV32-GHD-RP |
| **SENSORY PATH INC., et al.** | **DEFENDANTS** |

### MEMORANDUM OPINION

This cause comes before the Court on Defendants Sensory Path and Holly Clay's Motion for New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. [332]. Plaintiff Fit and Fun Playscapes LLC has responded in opposition to this motion. The Court having considered the memoranda and submissions of the parties is prepared to rule.

### Standard

Rule 50(b) of the Federal Rules of Civil Procedure provides in pertinent part: "[N]o later than 28 days after the jury was discharged[,] the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." FED. R. CIV. P. 50(b). Rule 59 of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court ...." FED. R. CIV. P. 59(a)(1)(A).

1

"A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so 'to prevent an injustice.'" *Jones v. Ruiz*, 478 Fed.Appx 834, 835 (5th Cir. 2012) (per curiam) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993)). Although Rule 59(a) does not state appropriate grounds for a new trial, "[a] new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (internal citation omitted). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

### Discussion

A jury trial was conducted in this case beginning on January 9, 2023, concluding on January 12, 2023, concerning the copyright infringement claims of Plaintiff Fit and Fun Playscapes, LLC ("Fit and Fun") against Defendants Sensory Path, Holly Clay, and Madison Barker. The jury found that Defendants Sensory Path and Holly clay infringed upon valid copyrights owned by Fit and Fun and awarded a total amount of $357,000 in damages to the Plaintiffs. Defendants filed the present motion for new trial [332] on February 17, 2023.

Sensory Path and Holly Clay ("Defendants") first argue that the Court committed a substantial error by allowing Pam Gunther to provide her unqualified opinions about the meaning of the information contained in a Google Analytics report that was improperly admitted into evidence. "To be entitled to a new trial based on erroneously admitted or excluded evidence, the party seeking a new trial must show the trial court both erred in its decision and that the error adversely influenced the jury's verdict." *Welch v. All Am. Check Cashing, Inc.*, No. 3:13-CV-271-

2

TSL-JCG, 2015 U.S. Dist. LEXIS 86591, 2015 WL 4066495, at *4 (S.D. Miss. July 2, 2015) (citing *Munn v. Algee*, 924 F.2d 568, 571-73 (5th Cir.1991)).

Defendants first argue that Gunther did not run the Google Analytics report that she was testifying about and instead only used the Google Analytic reports to support marketing efforts. Defendants further argue that Gunther had no knowledge of the accuracy of the information contained in the report and also testified as to her own interpretation of the report. Defendants also take specific issue with Gunther's testimony when she stated that the report showed access to Fit and Fun's website from Oxford, Mississippi, in May and August of 2018. Defendants assert that this testimony required more than just an observation of the Google Analytics report; Defendants argue that this testimony was well beyond her first-hand knowledge and was instead improper expert testimony.

The Court allowed Exhibit #7, the Google Analytics report, into evidence and allowed Gunther to testify as a lay witness as to her observations but ruled that she could not render an opinion that an expert would be expected to render relative to Exhibit #7. Gunther testified that Fit and Fun used Google Analytics to provide Fit and Fun with factual data as a routine part of business. Also, Gunther stated that she recognized the exhibit in question as a report that she or someone involved with Fit and Fun had run, as this was something normally done. Gunther stated that these reports were done as a routine operation of their business and the report in this case was done for that purpose as well. Gunther further testified that the report shows where the website's traffic is coming from and how they arrived there, which assists with marketing their products. The specific testimony in question relates to Gunther's testimony of how the Google Analytics report was conducted and what it allegedly established. According to Gunther, the report was narrowed to only show access to Fit and Fun's website from Oxford, Mississippi. Gunther

3

expanded upon the report by stating how the report also showed the dates of access from Oxford, Mississippi, with the dates being May 29, 2019; May 31, 2018; and August 17, 2018. The report further showed which specific pages of Fit and Fun's website were viewed.

The Court finds that Gunther's testimony regarding the Google Analytic report did not clearly or obviously go beyond reading or making lay observations regarding the report. Gunther did provide definitions and further information about the report, but the issue Defendants appear to be solely concerned with is how access by Sensory Path to Fit and Fun's products was established through Gunther's allegedly improper testimony. Regarding this matter, Gunther's testimony about the report was not based on scientific, technical, or otherwise specialized knowledge within the scope of Rule 702. Rule 702. FED.R.EVID. 701. In establishing Sensory Path's access to Fit and Fun's website, Gunther simply read and made observations from the report as could the average layperson. The report was run with the guidelines pre-set to certain dates within the city of Oxford, Mississippi. Following this, a report was produced which included the data that was read or observed by Gunther. The data used by Gunther concerning the access from Oxford, Mississippi was not an expert opinion or interpretation of the report, which followed the instructions given by the Court concerning Gunther's testimony. Again, the Court's instructions were that Gunther was not to explain what the charts, graphs and numbers mean, but Gunther was allowed to give her observations concerning Exhibit #7. Her testimony remained within the boundaries set by the Court.

"[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir.2008) (FED.R.EVID. 701, Advisory Committee Notes to

4

2000 Amendments). A lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury. *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir.1997).

According to the testimony from Gunther and Sensory Path's Chief Financial Officer Erika Robinson, elicited from both the Plaintiff and Defense, it is clear that a Google Analytics report is a report meant for anyone operating an online site to produce and does not require specialized knowledge, skills, or abilities. The testimony given concerning the report, specifically how it showed access, was based solely on personal perception well within the skill of the average layperson. The Court maintains its position that a specialist in the field of Google Analytics is not required to produce a report or form the same observations that Gunther was able to form and that a normal or lay person would be able to form the same observations after reading or viewing the report.

Again, to be entitled to a new trial based on erroneously admitted or excluded evidence, the party seeking a new trial must show that the trial court both erred in its decision and that the error adversely influenced the jury's verdict. See *Munn v. Algee*, 924 F.2d 568, 571-73 (5th Cir. 1991). Defendants further argue that Gunther's conclusions and perceptions of the Google Analytics report was the only proof offered by the Plaintiff Fit and Fun that could have led to an inference of access, which is an element of copyright infringement. Defendants assert that this establishes that the alleged error of the Court influenced the jury's verdict, as this was the only proof in the record that Sensory Path had any access to Fit and Fun's designs.

However, the testimony from trial shows that this is not the case; Holly Clay of Sensory Path testified that she used online searches, specifically Pinterest, to search for ideas an inspiration for her products. Testimony from Gunther of Fit and Fun and exhibits entered into the record

5

established that Fit and Fun used social media, including Pinterest, to display and showcase their products. The Court finds that the testimony and exhibits entered into the record during trial show that Defendants' argument is without merit, and there was other evidence that could have led to an inference of access besides the Google Analytics report.

Next, Defendants argue that the Court erred when it refused to charge the jury on the legal standards of "virtually identical" and "abstract filtration." Defendants further state that "the overall jury charge misled the jury with respect to their understanding of what constitutes a copyrighted work versus what constitutes unprotectable elements of a copyrighted work; and how to differentiate between the two." [333].

To succeed on a motion for new trial on the grounds of an erroneous jury instruction, the movant must show that "the charge as a whole creates a substantial and ineradicable doubt whether the jury has been properly guided in its deliberations," and that the challenged instructions affected the outcome of the case. *Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 293 (5th Cir.2007) (quoting *Russell v. Plano Bank & Trust,* 130 F.3d 715, 719 (5th Cir.1997)). Defendants' first argument specifically states that the Court improperly refused Defendants' request to instruct the jury on the concept of abstract filtration.

Defendants first discuss the abstract filtration test, which is a test that the Fifth Circuit typically applies in computer software copyright cases. Defendants have not cited to, and the Court is unaware of, any Fifth Circuit precedent requiring the use of this specific test. Certainly, where works contain unprotectable elements, the law requires the jury to "distinguish between protectable and unprotectable elements of the copyrighted work." *Nola Spice Designs, LLC v. Haydel Enterprises,* 783 F.3d 527, 550 (5th Cir. 2015). However, the Defendants allege that the Court instructed the jury that "unprotectable elements may or may not be protectable." This is not

6

the case; the Court instructed the jury that "… elements that are standard, stock, or common to a particular subject matter or medium may or may not be protectable under copyright law." Features not typically protectable may be protectable "as long as that expression is original and not dictated by the underlying idea." *Id.* at 551. This is similar to the rule that facts are not copyrightable as they are not original, but the way facts are compiled or arranged may possess the requisite originality because "the author typically chooses which facts to include, in what order to place them, and how to arrange the data so that readers may use them effectively…." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 111 S.Ct. 1282, 1284 (1991). The Court provided the jury with ample instructions concerning the requirement to determine which elements of the work are copyrightable and the standards that are used for making this determination. Tr. Vol. IV pp. 573:5-12; 574:4-10; 574:17-23; 576:10-16; 577:3-10; 578:17-25; 579:1-25; 580:1-20.

Defendants lastly argue that because the Court refused to instruct the jury on the "virtually identical" standard of review, the jury was clearly confused. Defendants cite to multiple cases from circuit courts, excluding the Fifth Circuit, which all provide a general rule that when a work is comprised of mainly unprotected elements and the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity. Defendants fail to cite to any Fifth Circuit precedent that would require the Court to instruct the jury of this standard or require the Court to make that determination. The Court notes that it was never decided or stated by the Court that the works in question in this case were mostly comprised of unprotected elements, and the Defendants have not established that the works in question consisted of mainly unprotectable elements. Following Fifth Circuit precedent, the Court finds that it correctly instructed the jury on the substantial similarity standard. See *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020); *Peel & Co., In. v. The Rug Market*, 238 F.3d 391, 395 (5th Cir. 2001).


Defendants have failed to show that the jury charge as a whole created a substantial and ineradicable doubt that the jury was properly guided in its deliberations and have also failed to show that the challenged instructions affected the outcome of the case. A review of the jury charge illustrates that the jury was properly instructed as to the law and the requisite standards of a copyright infringement claim.

## Conclusion

For these reasons, the Defendants Sensory Path and Holly Clay's Motion for New Trial [332] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 5th day of June, 2023.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE