IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SENSORY PATH INC.**                                                            **PLAINTIFF**

V.                                                                        **NO: 3:19CV219-GHD-RP**
                                                                                       **LEAD CASE**

**FIT AND FUN PLAYSCAPES LLC, et al.**                               **DEFENDANTS**

**CONSOLIDATED WITH**

**FIT AND FUN PLAYSCAPES LLC**                                      **PLAINTIFF**

V.                                                                        **NO: 3:22CV32-GHD-RP**

**SENSORY PATH INC., et al.**                                           **DEFENDANTS**

### ORDER DENYING DEFENDANT MADISON BARKER'S MOTION FOR ATTORNEY FEES

Presently before the Court is Defendant Madison Barker's Motion for Attorney Fees. [348]. Plaintiff Fit and Fun Playscapes LLC has responded in opposition to this motion. The Court having considered the memoranda and submissions of the parties is prepared to rule.

Defendant Barker argues that Section 505 of the Copyright Act provides that a District Court may award reasonable attorney's fees to the prevailing party in a copyright infringement action and that Madison Barker was the prevailing party in this case. Barker further elaborates that the copyright infringement claim brought against her individually was unreasonable and meritless, thus justifying the award of attorney fees.

A jury trial was conducted in this case beginning on January 9, 2023, concluding on January 12, 2023, concerning the copyright infringement claims of Plaintiff Fit and Fun against Defendants Sensory Path, Holly Clay, and Madison Barker. The jury found that Defendants Sensory Path and Holly Clay infringed upon valid copyrights owned by Fit and Fun and awarded

1

$357,000 in damages to the Plaintiffs. The Court notes that Barker was not found liable for copyright infringement, and this Motion for Attorney Fees was filed on April 17, 2023.

As mentioned previously, Barker's Motion for Attorney Fees [348] asserts that she is the prevailing party in this action, but Barker merely asserts this conclusion without providing any valid support or precedent. "[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Federal Rule of Civil Procedure 54(d)." *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir.1978). The language above stating "the prevailing party" shows that Rule 54(d) provides for one prevailing party, and in this case, it is undisputed that judgment was rendered in favor of Fit and Fun with a jury verdict in their favor awarding significant damages. Rule 54(d)(1) "unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). There is no question that Fit and Fun prevailed in this case even though Defendant Barker was not found to be personally liable as Fit and Fun obtained an enforceable judgment or comparable relief through the jury's verdict.

The Copyright Act of 1976, 17 U.S.C. § 505, also demonstrates that Defendant Barker could not be considered a prevailing party. 17 U.S.C. § 505 states that full costs may be awarded to "any party" but "this language does not allow fees to both the plaintiff and the defendant in a case where the plaintiff succeeds on some of its claims but not others." *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 720 (S.D. Tex. 2015). Although, in this case Fit and Fun was successful on each claim brought during trial, just not as to each defendant. Section 505 then also repeats the language used in Rule 54(d)(1) stating that "the court may also award a reasonable attorney's fee to *the prevailing party* as part of the costs." 17

U.S.C. § 505 (emphasis added). This supports the finding that the Plaintiffs in this case were together the only prevailing party.

Defendant Barker's Motion for Attorney Fees heavily relies on *Kirstaeng* in arguing why attorney fees are warranted. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979 (2016). However, this reliance is unfounded as Barker is assuming that she is the prevailing party in this case. Barker focuses her argument on how the copyright infringement claims relating to her were "objectively unreasonable" and that this unreasonableness calls for attorney's fees to be awarded to her. While the reasonableness of claims is a factor to be considered when awarding attorney's fees, this factor is to be considered when reviewing the prevailing party's claim for attorney's fees, and as this Court has already established, Barker was not the prevailing party. Thus, the Court finds that this current Order in response to Barker's motion is not the appropriate time to analyze the factors considered when awarding fees to the prevailing party.

The Court finds that Defendant Madison Barker is not the prevailing party in this matter and is therefore not entitled to an award of attorney's fees.

Accordingly, it is hereby ORDERED that Defendant Madison Barker's Motion for Attorney Fees [348] is DENIED.

SO ORDERED, this the 12th day of June, 2023.

_____
SENIOR U.S. DISTRICT JUDGE