IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SENSORY PATH INC.                                                                              PLAINTIFF

VS.                                                          CIVIL ACTION NO.: 3:19CV219-GHD-RP
                                                                                          LEAD CASE

FIT AND FUN PLAYSCAPES LLC, et al.                                                   DEFENDANTS

CONSOLIDATED WITH

FIT AND FUN PLAYSCAPES LLC                                                              PLAINTIFF

VS.                                                          CIVIL ACTION NO.: 3:22CV32-GHD-RP

SENSORY PATH INC., et al.                                                              DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court in Cause Number 3:19CV219 is the Defendants Fit and Fun Playscapes LLC's ("Fit and Fun") and Pamela Gunther's motion for attorneys' fees and other non-taxable costs and expenses [252, 343] as to the Plaintiff Sensory Path Inc.'s trademark infringement and unfair competition claims. Upon due consideration and as described herein, the Court finds that the Defendants' motion should be denied.

### *I.     Factual and Procedural Background*

The parties are educational product vendors who design, market, and sell interactive playscapes and related products for use by children. [Compl., Doc. 1, at pp. 4-5]. The products include reusable stencils, adhesive stickers of various sizes, and other children's products and games. The Defendant Fit and Fun was founded in 2011 and the Plaintiff Sensory Path was founded in 2018.

In September of 2018, Sensory Path's founder, Holly Clay, posted onto the Internet a video of a child using one of Sensory Path's products; the video eventually garnered enormous interest and was viewed millions of times. Subsequently, Fit and Fun sent two cease-and-desist letters to Sensory Path, in August and September of 2019, alleging that Sensory Path was violating unfair competition laws and infringing on Fit and Fun's copyrights.

This litigation followed, with Sensory Path filing its complaint in Cause No. 3:19CV219 on September 28, 2019, asserting, *inter alia*, claims against the Defendants for trademark infringement and unfair competition in connection with the term "Sensory Path," in which the Plaintiff alleged it held a valid and enforceable trademark. The Court ultimately granted the Defendants Fit and Fun Playscapes' and Pamela Gunther's renewed motion for summary judgment on November 17, 2022, as to the Plaintiff Sensory Path's trademark and related claims [263, 264]. The Defendants Fit and Fun Playscapes and Pamela Gunther subsequently filed the subject pending motion for attorneys' fees, seeking an award of fees in this trademark litigation after prevailing on their renewed motion for summary judgment.

## II. *Standard for Awards of Attorneys' Fees in Trademark Litigation*

The Lanham Act, which governs this trademark litigation, provides that "[t]he court in *exceptional* cases *may* award reasonable attorney fees to the prevailing party." 15 U.S.C. §1117(a) (emph. added); *Spectrum Ass'n Mgmt. of Texas, LLC v. Lifetime HOA Mgmt., LLC*, 5 Fed 4th 560, 566 (5th Cir. 2021). The Fifth Circuit has defined an "exceptional case" as one in which the prevailing party demonstrates by "clear and convincing evidence" that the losing party behaved "maliciously, fraudulently, deliberately, or willfully" and the prevailing party demonstrates "a high degree of culpability on the part of the [losing party];" additionally, an award of attorneys' fees may be warranted upon a showing that the case stands out from others with respect to the strength

2

of the prevailing party's litigating position or one in which "the unsuccessful party litigated the case in an unreasonable manner." *Spectrum Ass'n Mgmt. of Texas*, 5 F.4th at 566-67; *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016).

### III.   Analysis and Discussion

In the case *sub judice*, the Plaintiff claimed that it had acquired a valid and enforceable trademark in the phrase "sensory path" and that the Defendants infringed upon the Plaintiff's trademark by using "marks in commerce that are confusingly similar or identical to" Sensory Path's purported trademark. [Doc. 1, at p. 8]. The Plaintiff litigated the case, at least in part, based upon the opinions of two outside experts in trademark law, both of whom opined that the Plaintiff had potentially valid claims for trademark infringement. The Court finds that, although the case was vigorously litigated by both sides, the Plaintiff did not litigate this case in an unreasonable or misleading manner. While the Defendants ultimately prevailed on a renewed motion for summary judgment, the Court notes that the Defendants' initial motion for summary judgment was denied by the Court, which demonstrates that the Plaintiff's claims, while ultimately dismissed, were not exceptionally weak and the strength of the Defendants' litigating position did not "stand out" as exceptionally strong compared to other trademark cases.

For these reasons, the Court finds that this is not a case where the plaintiff "pursue[d] a claim it should have known was without merit," nor does this case meet the Fifth Circuit's standard as an exceptional case that warrants the award of attorneys' fees to the prevailing party. In the cases cited by the Defendants where attorneys' fees were awarded under the Lanham Act, the losing parties clearly engaged in misleading or malicious conduct, or pursued claims that were "either frivolous or motivated by bad faith." *Ballero v. 727 Inc.*, 744 F. App'x 871, 873 (5th Cir. 2018). While both sides certainly pressed their arguments with vigor during this litigation, the

Court does not find that the Plaintiff litigated this case in an unreasonable manner, nor that the Plaintiff's claims were frivolous or motivated by bad faith. The Defendants are therefore not entitled to an award of attorneys' fees under the Lanham Act. Accordingly, the Court finds that the Defendants' motion for attorneys' fees and non-taxable costs and expenses shall be denied.

### IV. Conclusion

In sum, for all of the foregoing reasons, the Court finds that the Defendants Fit and Fun Playscapes and Pamela Gunther are not entitled to attorneys' fees in this trademark litigation. The case does not qualify as an "exceptional" case under the Lanham Act, which governs this litigation. Defendants Fit and Fun Playscapes' and Pamela Gunther's motion for attorneys' fees and non-taxable costs and expenses, therefore, shall be denied.

An order in accordance with this opinion shall issue this day.

THIS, the 12th day of June, 2023.

_____
SENIOR U.S. DISTRICT JUDGE